UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERADATA CORPORATION, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>SAP SE, et al.,<br><br>    Defendants. | Case No. 18-cv-03670-WHO<br><br>**ORDER ON PLAINTIFF'S MOTION FOR RELIEF**<br><br>Re: Dkt. Nos. 146, 184, 185, 186 |

Currently before me is plaintiff Teradata Corporation's motion for relief from Magistrate Judge Laporte's non-dispositive September 9, 2019 "Order Regarding the Parties' Cross-Motions Related to Certain Audit-Related Documents." Dkt. No. 173. For the reasons discussed below, I overrule the objection and affirm Judge Laporte's determination that SAP did not affect an at issue waiver as to the audit-report or findings. I also conclude that, absent more explanation or caselaw support, Teradata is not required to identify every single individual who received or had access to the privileged information.[1]

In her September 9, 2019 Order, Judge Laporte considered whether various materials in Teradata's possession were SAP's privileged documents ("audit-related materials"), to determine whether SAP's motion for return and cessation of use of those materials should be granted or whether Teradata's motion for production of additional audit-related materials should be granted. After reviewing the extensive briefing and argument on these matters, Judge Laporte made the following findings and conclusions:

    1. U.S. privilege law, not German privilege law, applies;

---

[1] In connection with its motion for relief, Teradata seeks to file under seal portions of documents that reference information Judge Laporte has determined should be filed under seal. The administrative motions to seal, Dkt. Nos. 184, 186, are GRANTED.

2. Even if German privilege law applied, Plaintiff Teradata has not shown that a German court would order production of the documents at issue in this dispute;

3. SAP has met its burden of proof as to the privileged nature of the documents or communications in question;

4. SAP took reasonable steps regarding the audit-related documents prior to the disclosure to *Der Spiegel* to maintain its assertion of privilege;

5. SAP took reasonable steps to maintain its assertion of privilege once it was on sufficient notice of the use of privileged information in this litigation;

6. In litigating this privilege dispute, SAP has not placed the audit report or the audit-related documents at issue such that a finding of subject matter waiver over the documents is appropriate;

7. The crime fraud exception does not apply to the documents withheld by SAP or in the possession of Teradata;

8. SAP's evidentiary submissions and privilege log entries are adequate to make a *prima facie* showing that the audit-related documents are properly withheld under the attorney-client privilege;

9. SAP is entitled to the relief it seeks regarding return or destruction of audit-related documents over which it claims privilege, as well as the related assurances from Teradata and its counsel; and

10. Good cause exists to grant the parties' Administrative Motions to Seal.

Dkt. No. 173 at 2.

Based on those findings and conclusions Judge Laporte granted SAP's motion to require Teradata to return and cease use of any audit-related privilege materials and denied Teradata's motion to compel production of audit-related materials. In order to effectuate her Order, Judge Laporte ordered as follows:

Lead Counsel for Plaintiff is ORDERED by September 23, 2019 to:

- Return and/or certify under penalty of perjury that they have destroyed all hard copy and electronic versions of documents/materials related to the audit conducted by Waldbaum and as described in this Order over which SAP claims attorney-client privilege;

- Certify under penalty of perjury that anyone with whom Teradata, Teradata's counsel, or anyone otherwise under Teradata's or its attorneys' direction and control who has shared such documents/materials, has also returned and/or destroyed the same;

- Provide SAP a list that identifies anyone who has hard copy and electronic versions of documents/materials related to the

2

> Waldbaum audit over which SAP claims attorney-client privilege, or any other document describing or summarizing such information or had the information related to the Waldbaum audit over which SAP claims attorney-client privilege recited or summarized to them orally;
>
> - For each identified person, certify under penalty of perjury that they have taken all necessary steps to ensure that no further use or dissemination will occur; and
>
> - Refrain from sharing or discussing any information learned from the Waldbaum audit over which SAP claims attorney-client privilege.

Dkt. No. 173 at 43.

Teradata filed a motion seeking relief from Judge Laporte's Order, raising only two specific objections. Dkt. No. 185. First, Teradata contends that Judge Laporte incorrectly concluded that SAP had not waived privilege despite putting the audit findings at issue, and second, the relief granted is improper because compliance would require Teradata to reveal its attorney work product. Dkt. No. 185 at 2. I will, therefore, limit my review of Judge Laporte's Order on those two grounds.[2]

## I. AT ISSUE WAIVER

Teradata argues that Judge Laporte erred when she determined that SAP had not put the audit findings or audit report "at issue" in this litigation. Dkt. No. 173 at 36; Dkt. No. 185 at 2-4.[3]

---

[2] Non-party Thomas Waldbaum has, pursuant to Judge Laporte's prior direction *see* Dkt. No. 164, lodged but not filed a Statement "in connection with the Court's review" of Judge Laporte's Order. October 28, 2019 Lodged Statement. In that document, Waldbaum objects to Judge Laporte's findings with respect to the crime-fraud exception because Judge Laporte relied in part on what Waldbaum characterizes as a misrepresentation by SAP regarding criminal proceedings in Germany. Waldbaum's request to file the Lodged Statement is DENIED. Waldbaum is not a party to this proceeding and cannot raise an objection to Judge Laporte's Order, much less an objection not raised by Teradata who is a party. As noted, Teradata does not object to Judge Laporte's determination that the crime-fraud exception did not apply. Even if I were to consider Waldbaum's Lodged Statement, it would not provide a ground to overrule Judge Laporte. While Judge Laporte questioned Waldbaum's credibility, she did so based on *two* factors; the criminal proceedings in Germany which Waldbaum claims SAP mischaracterized, but *also* on the undisputed fact that Waldbaum's termination was upheld by "German authorities." Dkt. No. 173 at 33:10-20; 38:28-39:3.

[3] In the Ninth Circuit, an implied "at issue" waiver of the attorney-client privilege occurs when "(1) the party asserts the privilege as a result of some affirmative act, such as filing suit; (2) through this affirmative act, the asserting party puts the privileged information at issue; and (3) allowing the privilege would deny the opposing party access to information vital to its defense." *In re Lidoderm Antitrust Litig.*, 14-MD-02521-WHO, 2016 WL 4191612, at *3 (N.D. Cal. Aug. 9, 2016) (relying on *Home Indem. Co. v. Lane Powell Moss & Miller*, 43 F.3d 1322, 1326 (9th Cir.

3

1  Specifically, Judge Laporte concluded that:

> SAP also has not used the audit-related documents in such a way that justifies or requires a subject matter waiver merely by responding to Plaintiff's attack on its attorney-client privilege assertion over the stolen documents. To imply a subject matter waiver in such circumstances would be unfair and inconsistent with the restriction of subject matter waiver to situations which require such a waiver in "fairness."
>
> As discussed at the August 6, 2019 hearing, however, if in the future SAP uses the audit report or audit-related documents as a sword and not just as a shield as it has done so far (which SAP claimed it would not do), fairness may require additional disclosure of related information to prevent a selective and misleading presentation of evidence to the disadvantage of Teradata. Teradata is not foreclosed from raising this argument in the future in good faith and with an adequate basis if SAP's use of the audit-related documents changes in this respect.

Dkt. No. 173 at 36.

Teradata complains that Judge Laporte erred because the record demonstrates that SAP relied on the conclusions of audit report "outside of the privilege dispute" in other parts of this litigation. Dkt. No. 185 at 2-3. In Exhibit A to its objection, Teradata identifies the "statements made by SAP throughout this litigation in reliance on, or that characterize, the findings of the audit." Teradata points to statements made by SAP in Case Management filings (describing its view of Teradata's position), in opposing Waldbaum's motion for a protective order,[4] in SAP's Answer denying that Waldbaum has any information regarding SAP's alleged conduct, in SAP's interrogatory responses that its "investigations" had revealed no information supporting Teradata's misappropriation claims, and also in its briefing on the privilege disputes.

The excerpts relied on by Teradata in Exhibit A were made almost exclusively by SAP in conjunction with the privilege issues being resolved by Judge Laporte. As discussed below, SAP's responses in support of its positions on the privilege disputes regarding the audit-related

---

1995)).

[4] Non-party Waldbaum has filed a motion for a protective order, seeking the Court's protection from harassment by SAP. Dkt. No. 146. That motion was opposed by SAP in a one-page brief where SAP characterized its view that the bases of Teradata's claims against SAP are based in significant part on Waldbaum's allegations as detailed in the *Der Spiegel* article. In light of Judge Laporte's Order and my affirmance of the waiver issue, it is questionable what role if any Waldbaum may play as a witness in this litigation as it progresses. Therefore, the motion for a protective order (Dkt. No. 146) is DENIED without prejudice to its being renewed.

4

documents (including responses to *Teradata's* assertions that the crime-fraud exception applied and its motion to strike the filings by Waldbaum) did not put the underlying audit report at issue and create a waiver. With respect to statements made by SAP outside of the privilege issues resolved by Judge Laporte, I first assume these were pointed out to Judge Laporte, because it is her ruling I am reviewing. Assuming that is the case, I do not find SAP's limited admissions or denials (made specifically in response to Teradata allegations in its complaint), SAP's limited discovery responses, SAP's limited references to the audit in a Case Management Statement, and SAP's responses to the Waldbaum motion for a protective order, put the audit report or audit findings at issue.

In addition, Teradata contends SAP crossed the line and used the audit findings as a sword in the privilege dispute when SAP asserted that "the audit found no wrongdoing and was part of a scheme to extort SAP" and by injecting the credibility of Waldbaum into the privilege dispute. Dkt. No. 185 at 3. However, SAP was merely responding to Teradata's affirmative argument that the crime-fraud exception applied. Given the limited use of the disputed materials and characterizations of the actors solely in order to defeat Teradata's claim, Judge Laporte correctly determined there was no "at issue" waiver with respect to SAP's use of audit-related information in its briefing on the privilege motions pending before her based on the record provided to her by the parties.[5] As noted, the at issue waiver issue may be raised again, depending on how SAP litigates its claims and defenses in this case. Dkt. No. 173 at 36.

Judge Laporte did not commit clear error in her finding that there was no at issue waiver and her findings are AFFIRMED.

---

[5] Teradata relies on one, inapposite case. *Apple Inc. v. Samsung Elecs. Co., Ltd.*, 306 F.R.D. 234, 242 (N.D. Cal. 2015). In that case, the issue was whether Samsung made an at issue waiver in defending against a motion for sanctions based on Samsung's alleged misuse of confidential information. Because Samsung's defense to sanctions – it was inadvertent and no harm resulted – put its state of mind at issue, Samsung waived privilege. *Id*. at 242-43 ("Improperly invoking privilege as a shield and a sword, Samsung's use placed the privileged information at issue while improperly limiting Apple and Nokia's ability to assess or challenge these assertions."). Here, the conclusions of the audit have not, as yet, been put directly at issue *by SAP* and, therefore, Judge Laporte was correct that there has been no waiver at this juncture.

## II. WORK PRODUCT

Teradata also objects to the relief provided in Judge Laporte's Order, specifically the requirement that Teradata:

> Provide SAP a list that identifies anyone who has hard copy and electronic versions of documents/materials related to the Waldbaum audit over which SAP claims attorney-client privilege, or any other document describing or summarizing such information or had the information related to the Waldbaum audit over which SAP claims attorney-client privilege recited or summarized to them orally

Dkt. No. 173 at 43. Teradata objects that disclosure of this information will tread on protectable attorney work product, requiring disclosure of counsel, employees, or experts who had access to this information. Teradata notes that SAP did not request this relief and Judge Laporte did not provide any reason to support it.

SAP responds that Judge Laporte's "identification" remedy is more limited than other options for relief in these circumstances (for example, disqualification of counsel who failed to disclose possession or use of privileged documents). SAP contends that Judge Laporte's order of identification is necessary to allow SAP to "ensure that a witness' testimony or a lawyer's advocacy is based on legitimate, non-privileged sources." Dkt. No. 200 at 4. SAP also argues that disclosure of these individuals is akin to "disclosure of witnesses with discoverable information," presumably about who had access to the privileged material, will not reveal any trial strategy, and is the "only way" to provide the Court and SAP with "any assurance that Teradata is now playing fair." *Id*. at 5.

Based on this record and the arguments made it is unclear to what exact purpose SAP intends to use this identifying information. If SAP intends to argue that no Teradata witness or member of Teradata's counsels' team (lawyer, staff member, or hired expert) who had access to the privilege information may be a witness or part of the prosecution of this case, SAP may bring that motion even without that identifying information. Otherwise, as long as the privileged information is – under Judge Laporte's Order – returned or destroyed and Teradata provides the required certifications that should be sufficient. If those protections are not sufficient in SAP's view, it may take whatever other steps it needs to protect against improper use of privileged

information.[6]

**IT IS SO ORDERED.**

Dated: November 4, 2019



William H. Orrick
United States District Judge

---

[6] In its motion for relief, Teradata also asks for an order requiring SAP to affirmatively disclose the identity of witnesses and "factual documents" related to the audit that are not privileged. Dkt. No. at 185 at 5. However, this request was not made nor raised with Judge Laporte. Any disputes over discovery must be addressed in the first instance by a Magistrate Judge.

7