UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERADATA CORPORATION, et al.,<br><br>   Plaintiffs,<br><br>   v.<br><br>SAP SE, et al.,<br><br>   Defendants. | Case No. 18-cv-03670-WHO (JCS)<br><br>**ORDER REGARDING MOTION TO ISSUE LETTERS OF REQUEST**<br><br>Re: Dkt. No. 2 |

Plaintiffs Teradata Corporation; Teradata US, Inc.; and Teradata Operations, Inc. (collectively, "Teradata") ask the Court to issue letters of request under the Hague Convention to take discovery in Germany from non-party Infolytics AG and certain of its employees. Defendants SAP SE; SAP of America, Inc.; and SAP Labs, LLC (collectively, "SAP") seek changes to the proposed letters of request, arguing that Teradata's synopsis of the case is biased and that SAP should be entitled to equal time in any depositions taken pursuant to the letters.

"[B]ecause the letter rogatory constitutes a request from the Court for assistance, not from a party, care should be taken to ensure that the synopsis of the case is not unduly argumentative, or state or suggest that the Court has reached factual conclusions at this stage of the proceedings." *Fid. Int'l Currency Advisor A Fund, LLC v. United States*, Civ. Nos. 05-40151-FDS & 06-40130-FDS, 2007 WL 9412764, at *4 (D. Mass. May 23, 2007). SAP is correct that Teradata's synopsis fails to provide a neutral statement of the case. The Court is concerned, however, that SAP's proposed revisions tend to overcorrect and tilt the scale in SAP's favor. Barring agreement by the parties to some other language, the Court will therefore issue letters of request with the following synopsis:

> (b) Summary of the Complaint/Counterclaims. Teradata's Complaint alleges claims for (i) trade secret misappropriation under U.S. Federal Law (18 U.S.C. § 1836, et seq.); (ii) trade secret misappropriation under California State Law (Cal. Civil Code § 3426, et seq.); (iii) copyright infringement under 17 U.S.C. § 501; (iv) Unlawful Tying under 15 U.S.C. §§ 1, 14; and (v) attempted monopolization under 15 U.S.C. § 2 through SAP's alleged anticompetitive conduct directed at Teradata and alleged misuse of Teradata's intellectual property. SAP's Answer denies these allegations, and SAP's Counterclaims allege claims for infringement of five SAP patents under 35 U.S.C. § 271 through Teradata's alleged use of SAP's intellectual property.
>
> The case concerns enterprise software. The parties entered a joint venture in 2008 that allowed SAP's "Business Warehouse" product to use Teradata's "Teradata Database" product. In 2011, SAP released its own "HANA" product that competed with Teradata's product. Teradata contends that SAP used Teradata's intellectual property obtained through the joint venture to develop SAP's HANA product, and that SAP has sought to coerce customers to use the HANA product rather than the Teradata Database product in ways that violate United States antitrust laws. SAP contends that the Teradata Database product infringes SAP's patents.
>
> During the joint venture, SAP contracted with Infolytics AG to develop software integrating SAP's Business Warehouse product with the Teradata Database product. Some Infolytics employees were given "@sap.com" email addresses, which SAP contends was a component of those employees' limited "contractor-user" level of access to SAP's network. The Infolytics employees who received SAP email addresses included Thomas Anhaus and Fekke Fekkes.

If the parties agree that any changes or additions to that language are necessary, they may so stipulate, but if the parties cannot reach an agreement as to any changes, the letters of request must include the language above.

SAP's request for equal time to cross-examine witnesses during depositions is GRANTED, and must be included in the letters of request.

SAP's remaining proposed changes to the letters of request are not addressed in the parties' briefs and appear to be minor. The Court expects that the parties can reach an agreement as to those issues. If the parties cannot reach an agreement as to any non-substantive language, Teradata's preference as the requesting party will control.

The parties are ORDERED to meet and confer telephonically or by other electronic means to resolve any outstanding issues. If all such issues are resolved, Teradata shall file amended proposed letters of request no later than April 14, 2020, and SAP shall concurrently file its

certification that the proposed letters of request conform to this order. In the unlikely event that any substantive issues remain unresolved, the parties shall file a joint letter brief not exceeding five single-spaced pages by the same date.

**IT IS SO ORDERED.**

Dated: April 7, 2020

JOSEPH C. SPERO
Chief Magistrate Judge