**LETTER OF REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE PURSUANT TO THE HAGUE CONVENTION OF 18 MARCH 1970 ON THE TAKING OF EVIDENCE ABROAD IN CIVIL OR COMMERCIAL MATTERS TO THE APPROPRIATE JUDICIAL AUTHORITY IN GERMANY**

TO:  Präsident des Oberlandesgerichts Düsseldorf

| | |
|---|---|
| 1.  SENDER: | Mark L. Whitaker<br>MORRISON & FOERSTER LLP<br>2000 Pennsylvania Avenue, NW<br>Washington, DC  20006-1888<br>USA |
| 2.  CENTRAL AUTHORITY OF REQUESTED STATE: | Der Präsident<br>des Oberlandesgerichts Düsseldorf<br>Cecilienallee 3<br>40474 Düsseldorf<br>Germany |
| 3.  PERSONS TO WHOM THE EXECUTED REQUEST IS TO BE RETURNED: | Mark L. Whitaker<br>MORRISON & FOERSTER LLP<br>2000 Pennsylvania Avenue, NW<br>Washington, DC  20006-1888<br>USA<br><br>Tharan Gregory Lanier<br>JONES DAY<br>555 California Street, 26th Floor<br>San Francisco, CA  94104<br>USA |

4.     DATE BY WHICH REQUESTING AUTHORITY REQUIRES RECEIPT OF THE RESPONSE TO THE LETTER OF REQUEST:

This Letter of Request is of an urgent nature as the discovery in this matter will close on January 15, 2021.  Because less than a year remains in discovery, Teradata has no choice but to request the assistance of the German legal system to obtain this relevant information.

In conformity with Article 3 of the Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters ("the Hague Evidence Convention"), the undersigned Applicant has the honor to submit the following request:

| | |
|---|---|
| 5(a) REQUESTING JUDICIAL AUTHORITY: | The Honorable Joseph C. Spero<br>United States Chief Magistrate Judge<br>United States District Court for the<br>Northern District of California<br>San Francisco Courthouse |

450 Golden Gate Avenue,
San Francisco, CA  94102
USA

(b) TO THE COMPETENT AUTHORITY OF:   Germany

(c) CASE NAME AND NUMBER:   TERADATA CORPORATION, TERADATA US, INC., and TERADATA OPERATIONS, INC. v. SAP SE, SAP AMERICA, INC., and SAP LABS, LLC

Case No. 3:18-cv-03670

6.  NAMES AND ADDRESSES OF PARTIES AND REPRESENTATIVES:

(a)  Plaintiff 1:   Teradata Corporation
17095 Via del Campo
San Diego, CA  92127
USA

Plaintiff 2:   Teradata US, Inc.
17095 Via del Campo
San Diego, CA  92127
USA

Plaintiff 3:   Teradata US, Inc.
17095 Via del Campo
San Diego, CA  92127
USA

Counsel for Plaintiffs 1, 2, and 3:   Mark L. Whitaker
Daniel P. Muino
G. Brian Busey
Mary Prendergast
Fahd H. Patel
Michelle L. Yocum
MORRISON & FOERSTER LLP
2000 Pennsylvania Avenue, NW
Washington, DC  20006-1888
USA

(b) Defendant 1:   SAP SE
Dietmar-Hopp-Allee 16
Walldorf, 69190

|                                  |                                      |
|----------------------------------|--------------------------------------|
|                                  | Germany                              |
| Defendant 2:                     | SAP America, Inc.                    |
|                                  | 3999 West Chester Pike               |
|                                  | Newton Square, PA  19073             |
|                                  | USA                                  |
| Defendant 3:                     | SAP Labs, LLC                        |
|                                  | 3410 Hillview Avenue                 |
|                                  | Palo Alto, CA  94304                 |
|                                  | USA                                  |
| Counsel for Defendants 1, 2 and 3: | Tharan Gregory Lanier              |
|                                  | Nathaniel P. Garrett                 |
|                                  | Joshua L. Fuchs                      |
|                                  | Joseph M. Beauchamp                  |
|                                  | JONES DAY                            |
|                                  | 555 California Street, 26th Floor    |
|                                  | San Francisco, CA  94104             |
|                                  | USA                                  |
|                                  | Kenneth A. Gallo                     |
|                                  | David J. Ball                        |
|                                  | William B. Michael                   |
|                                  | PAUL WEISS                           |
|                                  | 2001 K Street NW                     |
|                                  | Washington, DC  20006-1047           |
|                                  | USA                                  |
|                                  | Kristin L. Cleveland                 |
|                                  | John D. Vandenberg                   |
|                                  | KLARQUIST SPARKMAN, LLP              |
|                                  | 121 SW Salmon Street, Suite 1600     |
|                                  | Portland, OR  97204                  |
|                                  | USA                                  |

7.   NATURE OF THE PROCEEDINGS AND SUMMARY OF THE COMPLAINT AND COUNTERCLAIMS:

(a) Nature of the Proceedings.  The proceeding for which Applicant documents from the witnesses listed in Section 9 below is a civil action filed by Teradata Corporation, Teradata US Inc., and Teradata Operations, Inc. (collectively, "Teradata") against SAP SE, SAP America Inc., and SAP Labs, LLC (collectively, "SAP").  This case is both civil and commercial in nature and does not involve the litigation of any issue arising under criminal law, domestic or family law, nor does it involve the recovery of any tax.

(b) <u>Summary of the Complaint/Counterclaims</u>.  Teradata's Complaint alleges claims for (i) trade secret misappropriation under U.S. Federal Law (18 U.S.C. § 1836, *et seq.*); (ii) trade secret misappropriation under California State Law (Cal. Civil Code § 3426, *et seq.*); (iii) copyright infringement under 17 U.S.C. § 501; (iv) Unlawful Tying under 15 U.S.C. §§ 1, 14; and (v) attempted monopolization under 15 U.S.C. § 2 through SAP's alleged anticompetitive conduct directed at Teradata and alleged misuse of Teradata's intellectual property.  SAP's Answer denies these allegations, and SAP's Counterclaims allege claims for infringement of five SAP patents under 35 U.S.C. § 271 through Teradata's alleged use of SAP's intellectual property.

The case concerns enterprise software. The parties entered a joint venture in 2008 that allowed SAP's "Business Warehouse" product to use Teradata's "Teradata Database" product. In 2011, SAP released its own "HANA" product that competed with Teradata's product. Teradata contends that SAP used Teradata's intellectual property obtained through the joint venture to develop SAP's HANA product, and that SAP has sought to coerce customers to use the HANA product rather than the Teradata Database product in ways that violate United States antitrust laws. SAP contends that the Teradata Database product infringes SAP's patents.

During the joint venture, SAP contracted with Infolytics AG to develop software integrating SAP's Business Warehouse product with the Teradata Database product. Some Infolytics employees were given "@sap.com" email addresses, which SAP contends was a component of those employees' limited "contractor-user" level of access to SAP's network. The Infolytics employees who received SAP email addresses included Thomas Anhaus and Fekke Fekkes.

8.  EVIDENCE TO BE OBTAINED:

The requesting judicial authority respectfully requests the Central Authority of Germany to cause Infolytics AG to produce documents relating to the Bridge Project.  Infolytics AG is the company for which witnesses Thomas Anhaus, Fekke Fekkes, Juergen Hoehe, Arthur Janowitz, Ralf Scheurer, and Gerhard Brunnbauer worked, at least during the Bridge Project.  Such documents are expected to be used as evidence at trial and are described in further detail in Section 10 below.

The requesting judicial authority has further determined the documentation sought herein may be used at trial.  After reviewing the moving papers submitted in support of the motion for issuance of this Letter of Request, this Court is satisfied the Letter of Request is necessary and convenient to produce evidence which will assist this Court in the resolution of certain issues to be decided during trial of the matter.

9.  IDENTITY AND ADDRESS OF PERSONS TO BE EXAMINED:  Separate Letter of Request.

10.  STATEMENT OF THE SUBJECT MATTER ABOUT WHICH THE WITNESS IS TO BE EXAMINED:  Separate Letter of Request.

11.  DOCUMENTS OR OTHER PROPERTY TO BE INSPECTED:

| Documents | Relevance |
|---|---|
| Emails internal to Infolytics and emails between Infolytics and SAP, which were sent during the Bridge Project and relate to the Bridge Project. | Probative of at least: (1) the scope of Infolytics's role in developing the Bridge Product during the Bridge Project; (2) Infolytics's role in conveying Teradata's alleged Trade Secrets to SAP during the Bridge Project; and (3) Infolytics's relationship with Teradata and SAP. |
| Emails internal to Infolytics and emails between Infolytics and SAP, which were sent during the Bridge Project and relate to the development of SAP products outside the Bridge Project. | Probative of at least: (1) the scope of Infolytics's role in developing SAP products outside the Bridge Project; (2) Infolytics's role in conveying Teradata's alleged Trade Secrets to SAP during the Bridge Project; and (3) Infolytics's relationship with Teradata and SAP. |
| Emails that discuss migrating customers from Teradata Foundation to HANA. | Probative of at least: (1) SAP's alleged anticompetitive conduct directed to Teradata; and (2) Infolytics's relationship with Teradata and SAP. |
| Technical documentation and source code received from Teradata and records (including access records), login credentials, protocols, and policies related to handling the same. | Probative of at least: (1) Infolytics's access to Teradata's alleged Trade Secrets; (2) SAP's access to Teradata's alleged Trade Secrets; and (3) Infolytics's role in conveying Teradata's alleged Trade Secrets to SAP during the Bridge Project. |
| Emails containing technical documentation and source code sent to SAP during the Bridge Project. | Probative of at least: (1) Infolytics's role in conveying Teradata's alleged Trade Secrets to SAP during the Bridge Project; and (2) Infolytics's relationship with Teradata and SAP. |
| Emails containing technical documentation and source code sent to SAP after the Bridge Project relating to MaxDB, SAP HANA, or SAP load utilities. | Probative of at least: (1) Infolytics's access to Teradata's alleged Trade Secrets; (2) SAP's access to Teradata's alleged Trade Secrets; and (3) Infolytics's role in developing SAP products using Teradata's alleged Trade Secrets. |
| Technical documents, including development plans, development notes, benchmarking, and test plans relating to Infolytics's development of the Bridge Project product, SAP loading utilities, SAP migration tools, SAP BW, and SAP HANA. | Probative of at least: (1) Infolytics's access to Teradata's alleged Trade Secrets; (2) SAP's access to Teradata's alleged Trade Secrets; and (3) Infolytics's role in developing SAP products using Teradata's alleged Trade Secrets. |

12 and 13.  SPECIAL PROCEDURES REQUESTED PURSUANT TO ARTICLES 3 and 9 OF THE CONVENTION:

Confidentiality of Testimony:

All confidential information disclosed in this litigation is subject to a Stipulated Protective Order ("Protective Order," attached as Exhibit 1), which is designed to protect producing entities from unauthorized use and/or disclosure of trade secrets and other proprietary information.  The Protective Order provides, "Any non-party producing documents or information in the Litigation may avail themselves of the confidential treatment provided for in this Protective Order by signing a copy of this Protective Order and serving same on all counsel of record." (Exhibit 1 at ¶ 29.) Accordingly, this Court has expressly given Infolytics AG and its employees and managers the right to designate any confidential information given in response to this Request as "HIGHLY CONFIDENTIAL" or "EXTERNAL COUNSEL ONLY" under the Protective Order.  Access to information designated as "HIGHLY CONFIDENTIAL" is generally limited to two in-house counsel from each party, whereas information designated as "EXTERNAL COUNSEL ONLY" may be accessed by each party's outside counsel of record and others closely involved in the litigation proceedings.  (*Id*. at ¶ 7.)

14.  REQUEST FOR NOTIFICATION OF TIME AND PLACE FOR THE EXECUTION OF THE REQUEST AND IDENTITY AND ADDRESS OF PERSONS TO BE NOTIFIED:

It is respectfully requested that the Central Authority of Germany establish the time and place for the delivery of the requested documentation to be during the month of June 2020, or as soon thereafter as may be ordered.  The parties will coordinate with each other and Infolytics to establish a mutually convenient production protocol.  When the time and place for the execution of the request are designated by the Competent Authority, notification is requested to be delivered to the following:

> Mark L. Whitaker
> MORRISON & FOERSTER LLP
> 2000 Pennsylvania Avenue, NW
> Washington, DC  20006-1888
> USA
>
> Tharan Gregory Lanier
> JONES DAY
> 555 California Street, 26th Floor
> San Francisco, CA  94104
> USA

15 and 16.  Not applicable.

17.  FEES AND COSTS:

The fees and costs, if any, which are reimbursable under the second paragraph of Article 14 or under Article 26 of the Convention will be borne by Teradata.

DATE OF REQUEST:  _April 28_____, 2020

SIGNATURE AND SEAL OF THE REQUESTING AUTHORITY:



_____
The Honorable Joseph C. Spero
United States Magistrate Judge

# EXHIBIT 1

1   Mark L. Whitaker (*Pro Hac Vice*)          Tharan Gregory Lanier (State Bar No. 138784)
    MWhitaker@mofo.com                         tglanier@JonesDay.com
2   Daniel P. Muino (CA SBN 209624)            Nathaniel P. Garrett (State Bar No. 248211)
    DMuino@mofo.com                            ngarrett@JonesDay.com
3   G. Brian Busey (*Pro Hac Vice*)            Joshua L. Fuchs (Pro Hac Vice)
    GBusey@mofo.com                            jlfuchs@JonesDay.com
4   Mary Prendergast (CA SBN 272737)           JONES DAY
    MPrendergast@mofo.com                      555 California Street, 26th Floor
5   Fahd H. Patel (*Pro Hac Vice*)             San Francisco, CA 94104
    FPatel@mofo.com                            Telephone: +1.415.626.3939
6   Corinna J. Alanis (CA SBN 287164)          Facsimile: +1.415.875.5700
    CAlanis@mofo.com
7   MORRISON & FOERSTER LLP                    Kenneth A. Gallo (Pro Hac Vice)
    2000 Pennsylvania Ave., NW                 kgallo@paulweiss.com
8   Washington, D.C.  20006-1888               David J. Ball (Pro Hac Vice)
    Telephone: 202.887.1500                    dball@paulweiss.com
9   Facsimile: 202.887.0763                    William B. Michael (Pro Hac Vice)
                                               wmichael@paulweiss.com
10  Bryan Wilson (CA SBN 138842)               PAUL, WEISS, RIFKIND, WHARTON &
    BWilson@mofo.com                           GARRISON LLP
11  MORRISON & FOERSTER LLP                    2001 K Street NW
    755 Page Mill Road                         Washington, DC 20006-1047
12  Palo Alto, California 94304-1018           Telephone: +1.202.223.7356
    Telephone:    650.813.5600                 Facsimile: +1.202.204.7356
13  Facsimile:    650.494.0792

                                               Attorneys for Defendants
14  Attorneys for Plaintiffs                   SAP SE,
    TERADATA CORPORATION,                      SAP AMERICA, INC., AND
15  TERADATA US, INC., AND                     SAP LABS, LLC
    TERADATA OPERATIONS, INC.

16

17                    UNITED STATES DISTRICT COURT

18                   NORTHERN DISTRICT OF CALIFORNIA

19                      SAN FRANCISCO DIVISION

20  TERADATA CORPORATION, TERADATA        Case No. 3:18-cv-03670-WHO (EDL)
    US, INC., and TERADATA OPERATIONS,
21  INC.,                                 **STIPULATED [PROPOSED]**
                                          **PROTECTIVE ORDER**
22            Plaintiffs,

23       v.

24  SAP SE, SAP AMERICA, INC., and SAP
    LABS, LLC,
25
              Defendants.
26

27

28

1. <u>PURPOSES AND LIMITATIONS</u>

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 13.4, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

2. <u>DEFINITIONS</u>

2.1 <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2 <u>"CONFIDENTIAL" Information or Items</u>: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.3 <u>Counsel (without qualifier)</u>: Outside Counsel of Record and House Counsel (as well as their support staff).

2.4 <u>Designated House Counsel</u>: House Counsel who seek access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information in this matter who have signed the "Acknowledgment and Agreement to Be Bound." Each side (Plaintiffs on one hand and Defendants on the other) may designate up to—but no more than—four (4) House Counsel as Designated House Counsel in this litigation.

2.5 <u>Designating Party</u>: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY

CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE".

2.6   <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7   <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, (2) is not a current employee of a Party or of a Party's competitor (for avoidance of doubt this subsection (2) applies only to a current employee and not to a current consultant of a Party's competitor), and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

2.8   <u>"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"</u> Information or Items: extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.9   <u>"HIGHLY CONFIDENTIAL – SOURCE CODE"</u> Information or Items: extremely sensitive "Confidential Information or Items" representing computer code, or detailed descriptions of computer code that might reveal the substance of computer code, that define or otherwise describe in detail the algorithms or structure of software or hardware designs, disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.10   <u>House Counsel</u>: attorneys who are employees of a party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.11   <u>Non-Party</u>: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.12    <u>Outside Counsel of Record</u>: attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.13    <u>Party</u>: any party to this action, including all of its officers, directors, employees, consultants, retained experts, predecessors in interest, successors, subrogors, subsidiaries, parent entities, affiliates, divisions, and Outside Counsel of Record (and their support staffs).

2.14    <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.15    <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.16    <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or as "HIGHLY CONFIDENTIAL – SOURCE CODE."

2.17    <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

3.    <u>SCOPE</u>

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material that might reveal Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material that might reveal Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the

disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.  Further, nothing in this Stipulation and Order shall limit Outside Counsel of Record or Designated House Counsel for a Party from providing general advice that does not disclose specific details of the Protected Material.  Any use of Protected Material at trial shall be governed by a separate agreement or order.

4.     DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. The Court shall retain jurisdiction after final disposition of this matter to hear and resolve any disputes arising out of this Stipulated Protective Order. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.     DESIGNATING PROTECTED MATERIAL

5.1     Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2    Manner and Timing of Designations. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) For information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" to each document that contains Protected Material.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE") to each document that contains Protected Material.

(b) for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party may identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony and may further specify any portions of the testimony that qualify as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE." Alternatively, within 30 days of receipt of a transcript or recording of a deposition or other pretrial or trial proceeding, the Designating Party may designate such transcript or recording or any portion thereof as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL

– SOURCE CODE" by notifying all Parties, in writing, of the specific pages and lines of the transcript or recording that should be treated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE." All transcripts or recordings of depositions or other pretrial or trial proceedings shall be treated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" for 30 days after receipt of the transcript or recording, or until written notice of a designation is received, whichever occurs first. In the case of a Non-Party witness, testimony can be designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" by a Party, the Non-Party witness, or upon agreement of the Parties.

Transcript pages containing Protected Material must be separately bound by the court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" as instructed by the Designating Party. In the event that the deposition is videotaped, the original and all copies of the videotape shall be marked by the video technician to indicate that the content of the videotape is subject to this Stipulated Protective Order, substantially along the lines of "This videotape contains confidential testimony used in this case and is not to be viewed or the contents thereof to be displayed or revealed except pursuant to the terms of the operative Stipulated Protective Order in this matter or pursuant to the written stipulation of the Parties."

Parties shall give the other parties notice if they reasonably expect a deposition, hearing or other proceeding to include Protected Material so that the other parties can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those proceedings. The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE."

(c) for electronic files and documents produced in native electronic format, that the Designating Party append to the file names or designators information indicating whether the file contains "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"

material, or shall use any other reasonable method for so designating the Protected Material produced in native electronic format. When electronic files or documents produced in native electronic format are printed for use at deposition, a court proceeding, a court filing, or for provision to an Expert, the Party printing the electronic files or documents shall affix a legend to the printed file or document corresponding to the appropriate designation and including the production number and designation associated with the native file.

(d) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

5.3     <u>Inadvertent Failures to Designate</u>. If timely corrected upon discovery of an inadvertent failure to mark information as qualified information, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.     <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

6.1     <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of confidentiality at any time. A Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2     <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this

specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3     Judicial Intervention. If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure by the Designating Party to make such a motion including the required declaration within the applicable time shall automatically waive the confidentiality designation for each challenged designation. In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the

Case 3:18-cv-03670-WHO Document 96-1 Filed 09/13/19 Page 18 of 23

material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

7.     <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

    7.1     <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. A Receiving Party may not use Protected Material for any other purpose, including but not limited to the preparation or prosecution of patents and patent applications, challenging a patent before a domestic or foreign agency (including, but not limited to, a reissue protest, ex parte reexamination, or inter partes review proceeding), or in connection with any other litigation or agency proceeding. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 14 below (FINAL DISPOSITION).

    Protected Material must be stored and maintained by a Receiving Party with a vendor in the United States and in a secure manner that ensures that access is limited to the persons authorized under this Stipulated Protective Order. Protected Material may be accessed and reviewed outside of the United States.

    7.2     <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

    (a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

    (b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the Court and its personnel;

(e) court reporters or videographers retained to record testimony taken in this action, and their respective staff;

(f) Professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g) during their depositions, witnesses in the action to whom disclosure is reasonably necessary, unless otherwise agreed by the Designating Party or ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

(h) any mutually agreed upon mediator or settlement officer, and his or her supporting personnel;

(i) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information; and

(j) any other person upon Court order or upon prior written consent of the Designating Party.

7.3     Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" and "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b) Designated House Counsel of the Receiving Party (i) to whom disclosure is reasonably necessary for this litigation, (ii) who has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (iii) as to whom the procedures set forth in paragraph 7.4(a)-(c), below, have been followed;[1]

(c) Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.4(a)-(c), below, have been followed;

(d) the Court and its personnel;

(e) court reporters or videographers retained to record testimony taken in this action and their respective staff,

(f) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information; and

(h) any other person upon Court order or upon prior written consent of the Designating Party.

7.4     Procedures for Approving or Objecting to Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items to Designated House Counsel or Experts.

(a) Unless otherwise ordered by the court or agreed to in writing by the Designating Party, a Receiving Party that seeks to disclose to Designated House Counsel or an Expert (as defined in this Order) any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE

---

[1] This Order contemplates that Designated House Counsel shall not have access to any information or items designated "HIGHLY CONFIDENTIAL – SOURCE CODE" with the exception of source code incorporated into expert reports and court filings.

CODE" pursuant to paragraph 7.3(c) first must make a written request to the Designating Party that (1) identifies the general categories of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" information that the Receiving Party seeks permission to disclose to Designated House Counsel or the Expert, (2) sets forth the full name of the Designated House Counsel or Expert and the city and state of his or her primary residence, (3) for an Expert attaches a copy of the Expert's current resume, (4) for an Expert identifies the Expert's current employer(s), (5) for an Expert identifies each person or entity from whom the Expert has received compensation or funding for work in his or her areas of expertise or to whom the expert has provided professional services, including in connection with a litigation, at any time during the preceding five years,[2] and (6) for an Expert identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years.

(b) A Party that makes a request and provides the information specified in Paragraph (a) may disclose the subject Protected Material to the identified Designated House Counsel or Expert unless, within 14 days of delivering the request, the Party receives a written objection from the Designating Party. Any such objection must set forth in detail the grounds on which it is based.

(c) A Party that receives a timely written objection under Paragraph (b) must meet and confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agreement within seven days of the written objection. If no agreement is reached, the Party seeking to make the disclosure to the Designated House Counsel or Expert may file a motion as provided in Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) seeking permission from the court to do so. Any such motion must describe the circumstances with specificity, set forth in detail the reasons why the disclosure to the Designated

---

[2] If the Expert believes any of this information is subject to a confidentiality obligation to a third-party, then the Expert should provide whatever information the Expert believes can be disclosed without violating any confidentiality agreements, and the Party seeking to disclose to the Expert shall be available to meet and confer with the Designating Party regarding any such engagement.

Case 3:18-cv-03670-WHO Document 256-1 Filed 05/14/19 Page 22 of 37

House Counsel or Expert is reasonably necessary, assess the risk of harm that the disclosure would entail, and suggest any additional means that could be used to reduce that risk. In addition, any such motion must be accompanied by a competent declaration describing the parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer discussions) and setting forth the reasons advanced by the Designating Party for its refusal to approve the disclosure.

In any such proceeding, the Party opposing disclosure to the Designated House Counsel or Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Designated House Counsel or Expert.

7.5    Disclosure of Statements Pursuant to Cal. Civ. Code section 2019.210. Notwithstanding any other provision of this Stipulated Protective Order, Defendants may disclose, to four non-attorney employees of Defendants to be identified, with the appropriate technical and product background to assist in defense of Teradata's claims and who have agreed to the "Acknowledgment and Agreement to Be Bound" (Exhibit A), the following: "Plaintiffs Teradata Corporation, Teradata US, Inc., and Teradata Operations, Inc.'s List of Asserted Trade Secrets Pursuant to Cal. Cod. Civ. Proc. Section 2019.210" served on December 21, 2018, any subsequent disclosure by Plaintiffs pursuant to section 2019.210, and any documents or text explicitly referenced in the Section 2019.210 List, including Teradata's Orange Books. Defendants shall identify each such non-attorney employee to Plaintiffs at least 14 days in advance of disclosure to that employee, and if Plaintiffs object, the procedure set forth in section 7.4 of this Protective Order shall apply; provided, however, that involvement of the employee in developing what Teradata believes are competing products shall not by itself be a ground for objection. Should Defendants subsequently believe that disclosure to additional non-attorney employees is warranted, both sides will discuss in good faith adding a proportionate and reasonable number of additional non-attorney employees. To the extent an agreement cannot be reached, the parties will seek guidance from the Court.

8.    SOURCE CODE

(a) A Producing Party may designate source code as "HIGHLY CONFIDENTIAL - SOURCE CODE" for any information or items identified in Paragraph 2.9 if they comprise or include confidential, proprietary, or trade secret source code.

(b) Protected Material designated as "HIGHLY CONFIDENTIAL – SOURCE CODE" shall be subject to all of the protections afforded to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information and may be disclosed only to the individuals to whom "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information may be disclosed, as set forth in Paragraphs 7.3 and 7.4.

(c) Protected Material designated as "HIGHLY CONFIDENTIAL – SOURCE CODE" shall be made available for inspection during normal business hours or at other mutually agreeable times at two offices of the Producing Party's counsel or at other mutually agreed upon locations, in a format allowing it to be reasonably reviewed and searched. Such material shall be made available for inspection in a secured room on a secured computer without Internet access or network access to other computers, and the Receiving Party shall not copy, remove, or otherwise transfer any portion of the source code onto any recordable media or recordable device. The Producing Party may visually monitor the activities of the Receiving Party's representatives during any HIGHLY CONFIDENTIAL – SOURCE CODE review, but only to ensure that there is no unauthorized recording, copying, or transmission of the information designated as HIGHLY CONFIDENTIAL – SOURCE CODE.[3]

(d) The Receiving Party may request paper copies of limited portions of source code that are reasonably necessary in this action for the preparation of court filings, pleadings, expert reports, or other papers, or for deposition or trial, but shall not request paper copies for the purposes of reviewing the source code other than electronically as set forth in paragraph (c) in the

---

[3] It may be appropriate under certain circumstances to require the Receiving Party to keep a paper log indicating the names of any individuals inspecting the HIGHLY CONFIDENTIAL – SOURCE CODE information and dates and times of inspection, and the names of any individuals to whom paper copies of portions of source code are provided.

Case 3:18-cv-03670-WHO Document 59-1 Filed 05/14/19 Page 24 of 23

first instance.  The Producing Party may challenge the amount of source code requested in hard copy form pursuant to the dispute resolution procedure and timeframes set forth in Paragraph 6 whereby the Producing Party is the "Challenging Party" and the Receiving Party is the "Designating Party" for purposes of dispute resolution.  The Producing Party shall print the identified source code on yellow (or other non-white) colored paper.  The Producing Party shall clearly label each page with bates numbers and the label "HIGHLY CONFIDENTIAL - SOURCE CODE."

(e) The Receiving Party shall maintain a record of any individual who has inspected any portion of the source code in electronic or paper form. The Receiving Party shall maintain all paper copies of any printed portions of the source code in a secured, locked area. The Receiving Party shall not create any electronic or other images of the paper copies and shall not convert the paper copies into an electronic format. The Receiving Party may be permitted to include short excerpts of source code (20 lines or less) in court filings or expert reports so long as these documents are designated "HIGHLY CONFIDENTIAL – SOURCE CODE." The Receiving Party shall only make additional paper copies if such additional copies are (1) necessary to prepare court filings, pleadings, or other papers (including a testifying expert's expert report), (2) necessary for deposition, or (3) otherwise necessary for the preparation of its case. Any paper copies used during a deposition shall be retrieved by the Producing Party at the end of each day and must not be given to or left with a court reporter or any other unauthorized individual.[4] The Receiving Party may request that the Producing Party bring a source code computer to a deposition; the Producing Party shall comply unless its compliance would be unduly burdensome.

9.      PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels

---

[4] The nature of the information designated as "HIGHLY CONFIDENTIAL – SOURCE CODE" at issue in a particular case may warrant additional protections or restrictions, For example, it may be appropriate under certain circumstances to require the Receiving Party to provide notice to the Producing Party before including "HIGHLY CONFIDENTIAL – SOURCE CODE" information in a court filing, pleading, or expert report.

disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.[5]

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

10.   A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a) The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE." Such information produced

---

[5] The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued.

by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Stipulated Protective Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

1.    promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

2.    promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

3.    make the information requested available for inspection by the Non-Party.

(c) If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

11.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

1   Unauthorized or inadvertent disclosure does not change the status of Protected Material or waive

2   the right to maintain the disclosed document or information as Protected Material.

3   12.     PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

4          Nothing in this Stipulated Protective Order shall require disclosure of information which

5   is protected by the attorney-client privilege, work product immunity, or other privilege or

6   immunity.   The production of privileged or work-product-protected documents, electronically

7   stored information ("ESI") or information is not a waiver of the privilege or protection from

8   discovery in this case or in any other federal or state proceeding, except when the producing party

9   provides notice that it is intentionally and knowingly waiving a privilege or immunity, that

10  privilege or immunity shall be waived as to this case.   This Order shall be interpreted to provide

11  the maximum protection allowed by Federal Rule of Evidence 502(d).   For the avoidance of any

12  doubt and for purposes of the application of this paragraph, the parties agree that Federal Rule of

13  Evidence 502(b) does not apply.

14         To promote the just, speedy, and inexpensive determination of this action pursuant to

15  Federal Rule of Civil Procedure 1, the parties agree to use best efforts to comply with the

16  following standard:   If a Receiving Party, upon review of Disclosure or Discovery Material

17  produced to it, becomes aware that any portion of such Disclosure or Discovery Material is

18  protected by the attorney-client privilege, work product immunity, or other privilege or immunity,

19  the Receiving Party shall promptly notify the Producing Party of the specific Materials which

20  could be so considered and will not use such Materials for any purpose until the issue has been

21  resolved by agreement of the Parties or by order of the Court.   Inadvertent failure to comply with

22  this standard shall not be grounds for relief.

23         When a Producing Party gives notice to a Receiving Party that certain inadvertently

24  produced Disclosure or Discovery Material is subject to a claim of privilege or other protection,

25  the obligations of the Receiving Party are those set forth in Federal Rule of Civil Procedure

26  26(b)(5)(B). Each Receiving Party must immediately return such Disclosure or Discovery

27  Material and all copies to the Producing Party, except for any pages containing privileged

28  markings by the Receiving Party, which shall instead be destroyed and certified as such by the

Receiving Party to the Producing Party.

Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI, or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production. This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review.

13. MISCELLANEOUS

13.1 <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

13.2 <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

13.3 <u>Export Control</u>. Disclosure of Protected Material shall be subject to all applicable laws and regulations relating to the export of technical data contained in such Protected Material, including the release of such technical data to foreign persons or nationals in the United States or elsewhere. The Producing Party shall be responsible for identifying any such controlled technical data, and the Receiving Party shall take measures necessary to ensure compliance.

13.4 <u>Filing Protected Material</u>. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5(e) is denied by the court, then the

Receiving Party may file the Protected Material in the public record pursuant to Civil Local Rule 79-5(e)(2) unless otherwise instructed by the court.

13.5    <u>Computation of Time</u>:  The computation of any period of time prescribed or allowed by this Stipulated Protective Order shall be governed by the provisions for computing time in Federal Rule of Civil Procedure 6 except as otherwise provided in Civil Local Rule 7.

13.6    <u>Successors</u>:  This Stipulated Protective Order shall be binding upon the Parties hereto, their Counsel, and their successors, executors, heirs, assigns, and employees.

13.7    <u>Fact of Designation Not Admissible</u>:  The fact of designation or failure to designate Disclosure or Discovery Material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" pursuant to this Stipulated Protective Order shall not be admissible for any purpose in a trial on the merits or at any other proceeding other than a proceeding arising from or related to this Stipulated Protective Order.

14.    <u>FINAL DISPOSITION</u>

Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to

this Protective Order as set forth in Section 4 (DURATION).

15. <u>DATA SECURITY</u>

Any Party in possession of Discovery Material designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" shall maintain a written information security program that includes reasonable administrative, technical and physical safeguards designed to protect the security and confidentiality of such information, protect against any reasonably anticipated threats or hazards to the security of such information, and protect against unauthorized access to or use of such information. To the extent a Party does not have an information security program they may comply with this provision by having the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" Discovery Material managed by and/or stored with eDiscovery vendors or claims administrators that maintain such an information security program. If the Receiving Party discovers a breach of security, including any actual or suspected unauthorized access, relating to another party's "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" Discovery Material, the Receiving Party shall: (1) promptly provide written notice to Designating Party of such breach; (2) investigate and make reasonable efforts to remediate the effects of the breach, and provide Designating Party with assurances reasonably satisfactory to Designating Party that such breach shall not recur; and (3) provide sufficient information about the breach that the Designating Party can reasonably ascertain the size and scope of the breach. If required by any judicial or governmental request, requirement or order to disclose such information, the Receiving Party shall take all reasonable steps to give the Designating Party sufficient prior notice in order to contest such request, requirement or order through legal means. The Receiving Party agrees to cooperate with the Designating Party or law enforcement in investigating any such security incident. In any event, the Receiving Party shall promptly take all necessary and appropriate corrective action to terminate the unauthorized access.

1    IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

2    DATED: May 13, 2019                    /s/ Mark Whitaker
                                            MORRISON & FOERSTER LLP
3

4                                           Attorneys for Plaintiffs
                                            TERADATA CORP.,
5                                           TERADATA US, INC., and
                                            TERADATA OPERATIONS, INC.
6

7

8

9    DATED: May 13, 2019                    /s/ Tharan Gregory Lanier
                                            JONES DAY
10                                          PAUL, WEISS, RIFKIND, WHARTON &
                                            GARRISON LLP
11
                                            Attorneys for Defendants
12                                          SAP SE,
                                            SAP AMERICA, INC., and
13                                          SAP LABS LLC

14

15

16   PURSUANT TO STIPULATION, IT IS SO ORDERED.

17

18   DATED:  May 14, 2019          _____
                                            Magistrate Judge Elizabeth B. LaPorte
19                                          United States District Judge
                                                         Magistrate
20

21

22

23

24

25

26

27

28

**ATTESTATION OF E-FILED SIGNATURE**

I, Mark L. Whitaker, am the ECF User whose ID and password are being used to file this Stipulated Proposed Protective Order.  In compliance with Local Rule 5-1(i)(3), I hereby attest that the concurrence to the filing of this document has been obtained from each signatory hereto.

Executed this 13th day of May 2019

*/s Mark Whitaker*

Mark Whitaker

Case 3:18-cv-03670-WHO Document 250-1 Filed 04/28/20 Page 33 of 37

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on _____ [date] in the case of *Teradata Corporation, et al. v. SAP SE, et al.* Case No. 3:18-cv-03670-WHO (N.D. Cal.). I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

Mark L. Whitaker (*Pro Hac Vice*)
MWhitaker@mofo.com
Daniel P. Muino (State Bar No. 209624)
DMuino@mofo.com
G. Brian Busey (*Pro Hac Vice*)
GBusey@mofo.com
Bradley S. Lui (State Bar No. 143088)
BLui@mofo.com
Mary Prendergast (State Bar No. 272737)
MPrendergast@mofo.com
Fahd H. Patel (*Pro Hac Vice*)
FPatel@mofo.com
Bryan Wilson (State Bar No. 138842)
BWilson@mofo.com
Wendy Ray (State Bar No. 226269)
WRay@mofo.com
Jack W. Londen (State Bar No. 85776)
JLonden@mofo.com
Wesley E. Overson (State Bar No. 154737)
WOverson@mofo.com
Mathieu Swiderski (*Pro Hac Vice*)
MSwiderski @mofo.com
Michelle L. Yocum (*Pro Hac Vice*)
MYocum@mofo.com

MORRISON & FOERSTER LLP
2000 Pennsylvania Avenue, NW
Washington, District of Columbia 20006-1888
Telephone:      +1.202.887.1500

*Attorneys for Teradata Corporation, Teradata
US, Inc., and Teradata Operations, Inc.*

Tharan Gregory Lanier  (State Bar No. 138784)
tglanier@JonesDay.com
Nathaniel P. Garrett (State Bar No. 248211)
ngarrett@JonesDay.com
Joshua L. Fuchs (*Pro Hac Vice*)
jlfuchs@JonesDay.com
Joseph M. Beauchamp (*Pro Hac Vice*)
jbeauchamp@jonesday.com
JONES DAY
555 California Street, 26th Floor
San Francisco, CA  94104
Telephone:      +1.650.739.3941

Kenneth A. Gallo (*Pro Hac Vice*)
kgallo@paulweiss.com
David J. Ball (*Pro Hac Vice*)
dball@paulweiss.com
William B. Michael (*Pro Hac Vice*)
wmichael@paulweiss.com
Crystal M. Johnson (*Pro Hac Vice*)
cjohnson@paulweiss.com
PAUL WEISS
2001 K Street NW
Washington, DC 20006-1047
Telephone:      +1.202.223.7356

Kristin L. Cleveland (State Bar No. 184639)
kristin.cleveland@klarquist.com
John D. Vandenberg (*Pro Hac Vice*)
john.vandenberg@klarquist.com
KLARQUIST SPARKMAN, LLP
121 SW Salmon Street, Suite 1600
Portland, OR 97204
Telephone:      +1.503.595.5300

*Attorneys for SAP SE, SAP AMERICA, INC.,
and SAP LABS, LLC*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERADATA US, INC., TERADATA CORPORATION, and TERADATA OPERATIONS, INC.<br><br>        Plaintiffs,<br><br>    v.<br><br>SAP SE, SAP AMERICA, INC., and SAP LABS, LLC,<br><br><br>        Defendants. | Case No.    3:18-CV-03670-WHO (JCS)<br><br>**STIPULATED [~~PROPOSED~~] MODIFICATION OF PROTECTIVE ORDER** |

1      WHEREAS on May 14, 2019, Magistrate Judge Laporte entered the Stipulated Protective

2  Order in this case.  *See* ECF No. 98.

3      WHEREAS all parties have agreed to request modifications to the Stipulated Protective

4  Order as set for the herein;

5      Accordingly, IT IS HEREBY STIPULATED by and between all parties to the action that

6  the Stipulated Protective Order shall, subject to the Court's approval, be modified as follows:

7  (1)  Paragraph 7.4(c) shall be modified by adding the following to the end of that section:

8       "Once the relevant Expert has been disclosed and the period for objections has

9       expired or objections have been resolved in favor of permitting disclosure to the

10      Expert, 'Protected Material' may be disclosed to an Expert's staff and assistants to

11      whom disclosure is reasonably necessary for this litigation.  Prior to disclosure to the

12      Expert's professional staff (as distinct from clerical support staff), such individuals

13      shall have signed the Acknowledgment and Agreement to Be Bound."

14 (2)  The following shall be added to the Stipulated Protective Order as Paragraph 8(f):

15      "(f)  Procedures for Executable Software:  Access to agreed-upon executable

16      instances of software shall be made available only to individuals who have been

17      approved to view 'HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY'

18      and/or 'HIGHLY CONFIDENTIAL – SOURCE CODE' information under Paragraph

19      7.4 of this Stipulated Protective Order.  Such executable software shall be made

20      available in a format that is capable of performing the software's standard intended

21      functionality and shall include the necessary equipment to allow the Receiving Party

22      to perform such actions.  The Receiving Party may print, copy, or otherwise capture

23      output from the executable software, such as screenshots or the results of testing done

24      on the executable software.  The immediately preceding sentence does not apply to

25      source code (including ABAP code) accessible within the executable instances. The

26      Receiving Party's conduct related to such source code (including ABAP code) will be

27      limited in the same manner identified in Paragraph 8 of this Stipulated Protective

28      Order and any printing of such source code (including ABAP code) must be done

Case 3:18-cv-03670-WHO Document 251 Filed 10/23/19 Page 36 of 37

through specific requests to the Producing Party as identified in Paragraph 8. The Producing Party shall provide the Receiving Party with the access permissions necessary to perform and test the functions desired to be demonstrated with the executable software. The Producing Party shall not trace or evaluate logs that demonstrate the Receiving Party's specific activities unless it is absolutely necessary for purposes of maintaining the software at which point the Receiving Party will be consulted prior to such actions being taken. The Receiving Party, however, is required to provide to the Producing Party all data, data structures, schema, and other necessary information relied on or used by Receiving Party or its experts in formulating any opinion or evidence offered in the case, in the same form as relied on or used by Receiving Party or its experts. Such information must be provided in a timely manner that allows Producing Party to recreate such actions or tests prior to having to rebut any positions taken related to the actions or tests. The Producing Party shall provide reasonable technical support, but only after the Receiving Party has exhausted all publicly available means of resolving technical issues on its own. The parties shall meet and confer in good faith to make changes or additions to these restrictions and protections if a party finds that the use of the executable software is not adequate or is being abused."

Dated: October 21, 2019        Respectfully submitted,

MORRISON & FOERSTER LLP

By: /s/ Mark L. Whitaker
      Mark L. Whitaker

Counsel for Teradata Corporation, Teradata US, Inc., and Teradata Operations Inc.

Dated: October 21, 2019        JONES DAY

By: /s/ Tharan Gregory Lanier
      Tharan Gregory Lanier

Counsel for SAP SE, SAP America, Inc., and SAP Labs, LLC

1    PURSUANT TO THE STIPULATION, IT IS SO ORDERED:

2

3    Dated:    October 21, 2019

4                                                                    Magistrate Jud

5                                                                    Judge Joseph C. Spero

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28