UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERADATA CORPORATION, et al., <br><br> Plaintiffs, <br><br> v. <br><br> SAP SE, et al., <br><br> Defendants. | Case No. 18-cv-03670-WHO (JCS) <br><br> **SUPPLEMENTAL ORDER REGARDING DISCOVERY LETTER AND EMERGENCY MOTION** <br><br> Re: Dkt. Nos. 295, 313, 314 |

The parties filed a joint letter, in which, among other things, Teradata complained that SAP had not fully responded to four contention interrogatories, despite SAP's demand that Teradata provide complete responses to contention interrogatories propounded by SAP. In turn, SAP complained that Teradata had yet to provide "complete responses to 12 SAP contention interrogatories, deeming them 'premature.'" Dkt. 295 at 3. The Court resolved this back-and-forth at the hearing on October 9, 2020:

> THE COURT: . . . So what I would order is for SAP to complete its supplementation of these Contention Interrogatories 7 through 11 using complete -- giving complete answers of all the information that is in its possession as of October 12th in that response, and for Teradata to do the same about any disputed contention interrogatories that haven't been finally answered by the same date with respect -- in the same way. And I want to know what those are so I can include them.
>
> Anyone want to comment on that?
>
> MR. LANIER: Your Honor, for SAP, Greg Lanier, no comment. We understand.
>
> MR. WHITAKER: And for Teradata, Your Honor, Mark Whitaker, no comment.
>
> THE COURT: Okay. . . .

Transcript (dkt. 317) at 24:10–24.

The Court's ruling, therefore, was that both sides had to give complete answers to contention interrogatories in dispute by October 12. No counsel objected to that ruling or to the timing of the answers at the hearing, which was memorialized in an order later the same day. *See* dkt. 313.

Apparently, the Court was naive in thinking that this resolved the matter: Rather than rely on the assumption that each counsel's "no comment" indicated agreement at least as to the interrogatories that were in dispute, the Court should have required identification of the disputed SAP interrogatories at the hearing. SAP emailed the Clerk to identify those contention interrogatories. Teradata challenged that list, and followed up with an emergency motion (dkt. 314) making the additional salient point (which should have been made at the hearing when the court set the date) that the date set for Teradata to respond to SAP's contention interrogatories was to soon—three days after the hearing—and requesting until October 26 to supplement the interrogatories identified by SAP in its email to the Clerk: 2, 5, 9, 13, 21, 26, 38, and 39 (the "SAP Contention Interrogatories"). The Court agrees with Teradata that October 12, although appropriate for SAP's supplementation of interrogatories because it was proposed by SAP, is too soon for Teradata's response. The Court therefore adopts Teradata's proposal.

The parties shall meet and confer regarding the SAP Contention Interrogatories. Proper answers to contention interrogatories must include all information available to a party on the date of response—here, the Courts sets October 26 as the date for supplementation of Teradata's response to the SAP Contention Interrogatories.

**IT IS SO ORDERED.**

Dated: October 10, 2020

JOSEPH C. SPERO
Chief Magistrate Judge