1

2

3

4                          UNITED STATES DISTRICT COURT

5                         NORTHERN DISTRICT OF CALIFORNIA

6

7    TERADATA CORPORATION, et al.,            Case No.  18-cv-03670-WHO

8                    Plaintiffs,

          v.                                  **ORDER DENYING MOTION TO
9                                             ENFORCE**

10   SAP SE, et al.,                          Re: Dkt. Nos. 305, 306, 325, 328

11                   Defendants.

12          On June 12, 2020, following a Case Management Conference, I recognized that Teradata

13   had at that time "146 pending [trade secret] claims" but that "71 of them have not even been

14   mentioned" in responses to SAP's Interrogatory No. 3 seeking the basis for each trade secret claim

15   asserted against it.  Dkt. No. 267.[1]  I ordered that "by September 1, 2020, all claims for which a

16   full response to Interrogatory 3 has not been provided should be dropped, absent good cause."  *Id*.

17          On September 1, 2020, Teradata served an updated response to Interrogatory No. 3,

18   reducing its list to 55 identified misappropriated trade secrets.  SAP alleges that of the 55 trade

19   secrets identified on Teradata's list, Teradata failed to identify any facts explaining how SAP

20   misappropriated 48 of them.  Mot. at 1.  SAP moves to enforce my CMO and strike Trade Secret

21   Nos. 1 through 1.27 and 24-43 from Teradata's amended trade secrets list.[2]

22   _____

23   [1] Interrogatory No. 3 asks Teradata to identify the misappropriated trade secrets and provide "the
     factual basis for Teradata's belief that SAP's alleged use, disclosure or other misappropriation of
24   the Trade Secret was not permitted by the terms of the Bridge Project Agreements."  Dkt. No. 296-
     3.
25
     [2] Trade Secret Nos. 1 through 1.27 concern information contained in a Teradata "Orange Book"
26   entitled "No Primary Index (NoPI) Table User's Guide" and Nos. 24-43 concern Teradata's
     "Select For All Entries" ("SFAE") claims.
27
     As this matter is appropriate for resolution on the papers, the hearing set for November 18, 2020 is
28   VACATED.

United States District Court
Northern District of California

United States District Court
Northern District of California

1    In support of its request, SAP relies on the broad case management control courts possess

2   under Rule 16.  Its main case is distinguishable.  In *Avila v. Willits Envtl. Remediation Tr.*, 633

3   F.3d 828, 833 (9th Cir. 2011), the Ninth Circuit affirmed a *Lone Pine* order in a complex, multi-

4   party action stemming from exposure and injury from toxic emissions.  In that order, the court

5   dismissed the claims of 218 plaintiffs who failed to submit *prima facie* information regarding their

6   exposure to and injury from the emissions.  The Ninth Circuit affirmed, given both the court's

7   broad case management powers in complex multi-party environmental actions and in significant

8   part because *Daubert* requires courts to address causation at the outset.  But not only is this not a

9   multi-party environmental action, but here Teradata *provided* a supplemental response to

10  Interrogatory No. 3 as required by the Court.  SAP contends only that the supplemental response is

11  deficient.

12    SAP also relies on patent cases explaining "that district courts have authority to limit the

13  number of asserted claims in patent cases, provided that patent owners are allowed to show why

14  additional claims are needed to satisfy due process."  *Straight Path IP Group, Inc. v. Apple Inc.*, C

15  16-03582 WHA, 2017 WL 1365124, at *2 (N.D. Cal. Apr. 13, 2017).  The patent cases, however,

16  deal with limitations on claims to be tried (or the order of claims to be tried) and do not address

17  propriety of "striking" claims from a case.

18    Teradata opposes SAP's motion, arguing that it is "a premature summary judgment motion

19  in disguise" and inappropriate given that fact discovery does not close under January 15, 2021 and

20  that there are eight months left before the close of expert discovery.  Oppo. at 1.[3]  It contends that

21  it has complied with my order having cut 91 trade secrets from its prior list, and asserts that there

22  is no need for this motion given the parties' stipulation to reduce the claims on both side – to 25 at

23  the close of fact discovery and 15 after expert discovery – in advance of summary judgment and

24  trial.[4]

25

26  [3] *See Fujifilm Corp. v. Motorola Mobility LLC*, No. 12-cv-03587-WHO, 2015 WL 1265009, at *6
    (N.D. Cal. Mar. 19, 2015) (Orrick, J.) (finding it improper to bring a summary judgment motion

27  "under the guise of a motion to strike.") (internal quotations and citation omitted) (collecting
    cases).

28  [4]  Teradata offers that "it will both supplement its responses and reduce its claims—by nearly

United States District Court
Northern District of California

1        Teradata also argues on the merits that (i) SAP failed to attach the supplemental

2    interrogatory response to support its deficiency claim and (ii) Teradata's responses are sufficient

3    for the juncture of the case, because Teradata discloses high-level evidence of misappropriation

4    (including Teradata's conveyance of its trade secrets to SAP during the Bridge Project and SAP's

5    use of those trade secrets in the development of HANA).  It asserts that because depositions are

6    just beginning and SAP continues to produce thousands of relevant documents, further

7    supplementation now is not warranted.

8        In *Nextdoor.com, Inc. v. Abhyanker*, C-12-5667 EMC, 2014 WL 1648473, at \*9 (N.D. Cal.

9    Apr. 23, 2014), Judge Chen declined to apply the "drastic remedy" of dismissal under Rule 41(b)

10   – another source of authority SAP relies on – because while the defendant was not fully

11   forthcoming about the bases for his trade secrets claim, and perhaps attempted to evade that

12   requirement by providing only a "somewhat more detailed factual basis," because he "designate[d]

13   his trade secrets" dismissal was not justified.  Similarly, Teradata has provided a response,

14   although SAP argues that response was not specific enough.

15       SAP's motion to enforce is DENIED.  SAP does not contest that Teradata provided a

16   supplemental response to Interrogatory No. 3, and in doing so dropped 91 unsupported trade secret

17   claims.  SAP does not argue that it cannot understand the bases of the remaining trade secret

18   claims, nor does it claim that it will suffer any specific prejudice (for example with respect to the

19   scope of the ongoing discovery).  Instead, SAP merely contends that Teradata's supplemental

20   response is deficient, considering the merits of the various claims, or is not detailed enough (*e.g.*,

21   that Teradata fails to identify when SAP or who at SAP misappropriated each trade secret).

22   Discovery is ongoing.  Pursuant to the parties' agreement, Teradata will soon be making further

23   reductions to the number of trade secret claims it will be pursuing through trial.  There is no need

24   to test the sufficiency of Teradata's supplemental response to Interrogatory No. 3 now.  The soon-

25   to-be-reduced set of trade secret claims Teradata intends to pursue through trial will be tested on

26

27   _____

28   50%—by December 15."  Oppo. at 6.

1   summary judgment and at trial.[5]

2       **IT IS SO ORDERED.**

3   Dated: November 12, 2020



William H. Orrick
United States District Judge

United States District Court
Northern District of California

---

27  [5] The Administrative Motions to File Under Seal (Dkt. Nos. 305, 325, 328) seeking to seal only
28  information that reveals technical details and internal discussions regarding product development, *see* Dkt. No. 319, are GRANTED.