UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERADATA CORPORATION, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>SAP SE, et al.,<br><br>    Defendants. | Case No. 18-cv-03670-WHO (JCS)<br><br>**ORDER DENYING REQUEST TO COMPEL COMPANYWIDE EMAIL SEARCH**<br><br>Re: Dkt. Nos. 338, 351, 352, 358 |

The parties filed a joint letter raising, among other disputes, a question of what measures SAP must take to locate emails sent to or from three employees designated as custodians in this case. Some of the emails that had been in the custody of these individuals were lost during the period for which Teradata seeks documents. There is no evidence that the loss of those emails resulted from misconduct. Teradata seeks an order compelling SAP to search its companywide Office 365 email system solely to determine how many emails sent to or from those custodians exist in other employees' accounts. SAP objected that such a search would violate employee privacy protected by the European Union General Data Protection Regulation (the "GDPR"), and in a supplemental brief requested by the Court, also raised arguments based on German law. SAP argued that, because the custodians were based in Germany, it was likely that the proposed search would turn up the most results in Germany. SAP also argued that the search was overbroad because it covered the email of all of its tens of thousands of employees.

Although SAP could have been more diligent in raising all relevant objections based on foreign law at an earlier stage of the dispute, the Court concludes that Teradata's request is not "proportional to the needs of the case," as required by Rule 26(b)(1) of the Federal Rules of Civil Procedure.

As a starting point, the Court agrees with SAP that the search Teradata seeks would require

"processing" or "accessing" the non-custodian employees' email accounts as those terms are used in relevant provisions of European and German law, which generally require the consent of those employees to take such actions. Teradata may be correct that exceptions to the relevant laws could allow for access without individualized consent from each employee whose email account would be searched, but that issue turns on unsettled issues of foreign law and would likely require submission of the matter to at least one foreign tribunal, the judge designated in SAP's agreement with its employee works council. Assuming the search could be conducted legally, it would provide only the *number* of retained emails sent to or from the two custodians. It is not clear how many emails will be identified. Even if the number is significant, further proceedings would be necessary to determine whether foreign law allows SAP to access any other information regarding those emails—not only the ultimate question of the emails' contents, but even more basic details like which employees' accounts they have been retained in[1]—and to obtain authorization for such access. And it is only after those steps were taken, and if they were successful, that SAP would be able to review the emails at issue and determine whether any of the emails found are relevant to this case and/or responsive to Teradata's requests for production.

While it is *possible* that relevant evidence would be found at the end of that saga, Teradata has not shown that the likely returns are worth the labyrinthine efforts required. The request is therefore DENIED.

**IT IS SO ORDERED.**

Dated: December 17, 2020

JOSEPH C. SPERO
Chief Magistrate Judge

---

[1] *See* Teradata 2d Supp'l Letter (dkt. 358) at 1 (asserting that the search Teradata currently requests "does not require SAP to open the emails or otherwise access their contents," or "even require SAP to determine (or reveal) senders or recipients of any communications apart from [the three custodians] (whose consent has already been obtained)").