UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERADATA CORPORATION, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>SAP SE, et al.,<br><br>Defendants. | Case No. 18-cv-03670-WHO (JCS)<br><br>**ORDER REGARDING ADMINISTRATIVE MOTION TO FILE UNDER SEAL**<br><br>Re: Dkt. No. 339 |

Plaintiffs Teradata Corporation; Teradata US, Inc.; and Teradata Operations, Inc. (collectively, "Teradata") moved to file under seal exhibits to a joint letter brief. Defendants SAP SE; SAP of America, Inc.; and SAP Labs, LLC (collectively, "SAP") filed a responsive declaration withdrawing some of SAP's assertions of confidentiality but supporting sealing some of the material at issue.

In civil action in federal court, a party generally must show "compelling reasons" to file a document under seal rather than in the public record. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016). Where discovery documents designated as confidential under a protective order are filed in connection with a motion that is not "more than tangentially related to the underlying cause of action," however, a lower standard of "good cause" may suffice to warrant sealing. *See id.* at 1097, 1101. The "good cause" standard is often applied to "discovery-related motions," and is appropriate here. *See id.* at 1097.

Most of the material that Teradata initially sought to seal was based solely on SAP's designations of confidentiality, which SAP withdrew in its response. The remaining material consists of portions of Exhibits 6, 15, and 17. Teradata seeks to seal a several-page portion of Exhibit 17 on the basis that it "contains a discussion of unfounded allegations by SAP that, if

made public, would reveal confidential commercial information and may negatively impact Teradata's relationship with customers, potential customers, or partners," and "could harm Teradata's competitive standing by revealing confidential commercial information and may negatively impact Teradata's relationship with other parties."  Prendergast Decl. (dkt. 339-1) ¶¶ 2–3.  SAP seeks to seal portions of Exhibits 6 and 15 on the basis that they "consist of unproven allegations by Teradata's counsel (e.g., that certain information constitutes Teradata's 'trade secrets,' or that certain acts constitute 'misappropriation') that are not mentioned in the joint discovery letter or in Teradata's amended complaints" and "draw inferences about employees' intentions that have not been proven."  Lanier Decl. (dkt. 342) ¶ 8.

The Court has reviewed the material at issue, in which counsel for both parties accuse their opponents' employees of stealing or misusing trade secrets and other confidential information.  The confidential information is not itself included in these letters.  Parties' "unproven allegations" are routinely disclosed in litigation, and neither party cites authority for sealing such allegations under comparable circumstances.[1]  Teradata's administrative motion to file under seal is therefore DENIED in its entirety, and Teradata shall file all of the documents at issue in the public record no later than February 1, 2021.

**IT IS SO ORDERED.**

Dated: January 26, 2021

JOSEPH C. SPERO
Chief Magistrate Judge

---

[1] Neither party's declaration seeks to seal the party's *own* allegations against its opponent, and the Court does not reach the question of whether the outcome might differ if *both* parties had supported sealing particular communications between counsel that were intended to remain private.