UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERADATA CORPORATION, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>SAP SE, et al.,<br><br>    Defendants. | Case No. 18-cv-03670-WHO (JCS)<br><br>**ORDER DENYING MOTION FOR CERTAIN DEPOSITIONS AND DISCLOSURE OF DOCUMENTS**<br><br>Re: Dkt. No. 411 |

The parties have, once again, failed to resolve some simple discovery disputes. They filed a joint letter, docket number 411, in which Teradata seeks certain depositions long after the close of non-expert discovery and seeks disclosure of documents for which SAP claims attorney client privilege protection (the "Motion"). For the following reasons, the Motion is **DENIED**:

1. Teradata argues that, on the last day for non-expert discovery, SAP supplemented its answers to Interrogatories 21 and 54, including production of thousands of additional documents from new custodians. As a result, Teradata asserts, it should be able to depose three witnesses who were previously deposed, and one of the new custodians. Teradata also seeks to compel disclosure of documents as to which attorney client privilege is asserted because the Bates numbers for those documents were listed in response to Interrogatory 21, but which were nearly simultaneously listed on a privilege log. All of the relevant discovery responses were served on February 26, 2021. Teradata's argument is without merit. Non expert discovery closed on February 26, 2021. Between that date and May 3, 2021, the date of the Motion, Teradata did not seek any extension of the discovery

cutoff. Civil Local Rule 37-3 requires that all non-expert discovery motions be filed within seven (7) days of the non-expert discovery cutoff. Teradata provides no explanation for its failure to move to compel for more than two months after the responses in question, after the opening expert reports have been disclosed, and two months after the time frame required under the local rules.

2. Teradata's argument that SAP has waived the attorney client privilege by including the Bates numbers of four documents in an interrogatory response, and almost immediately thereafter asserting the privilege as to those documents, fails for another reason. First there was no waiver by disclosure. The contents of the documents were not disclosed, only their Bates numbers. Moreover, the parties have agreed, and the Court ordered pursuant to Evidence Code section 502(b), that production of privilege materials would not waive the privilege unless accompanied by a notice that the producing party is intentionally and knowingly waiving the privilege. Docket Number 355 at Paragraph 12. Third, Teradata's argument that, because counsel reviewed the documents and included them in the interrogatory responses after review, counsel must have concluded that they were not privilege, is absurd. The privilege was asserted as to these documents in a privilege log produced hours after the interrogatory responses. The court is also satisfied that the inclusion of the Bates numbers in the interrogatory response was inadvertent. Teradata's effort to argue that there is some sort of implied waiver fairs no better. The inadvertent inclusion of these Bates numbers did not put privilege communications at issue in this case. Finally, as these documents are emails requesting legal advice from SAP's attorneys, and their responding advice, they are covered by the privilege. Motion at Exhibit 10 (Privilege Log).

**IT IS SO ORDERED.**

Dated: May 6, 2021

_____
JOSEPH C. SPERO
Chief Magistrate Judge