| | |
|---|---|
| MARK L. WHITAKER (admitted *Pro Hac Vice*) | BRYAN WILSON (CA BAR NO. 138842) |
| MWhitaker@mofo.com | BWilson@mofo.com |
| DAVID D. CROSS (admitted *Pro Hac Vice*) | MORRISON & FOERSTER LLP |
| DCross@mofo.com | 755 Page Mill Road |
| DANIEL P. MUINO (CA BAR NO. 209624) | Palo Alto, California 94304-1018 |
| DMuino@mofo.com | Telephone: (650) 813-5600 |
| BRADLEY S. LUI (CA BAR NO. 143088) | Facsimile: (650) 494-0792 |
| BLui@mofo.com | |
| MARY PRENDERGAST (CA BAR NO. 272737) | WENDY RAY (CA BAR NO. 226269) |
| MPrendergast@mofo.com | WRay@mofo.com |
| FAHD H. PATEL (admitted *Pro Hac Vice*) | MORRISON & FOERSTER LLP |
| FPatel@mofo.com | 707 Wilshire Boulevard, Suite 6000 |
| MORRISON & FOERSTER LLP | Los Angeles, California 90017-3543 |
| 2100 L Street, NW, Suite 900 | Telephone: (213) 892-5200 |
| Washington, District of Columbia 20037 | Facsimile: (213) 892-5454 |
| Telephone: (202) 887-1500 | |
| Facsimile: (202) 887-0763 | JACK W. LONDEN (CA BAR NO. 85776) |
| | JLonden@mofo.com |
| Attorneys for Plaintiffs | MORRISON & FOERSTER LLP |
| TERADATA CORPORATION, | 425 Market Street |
| TERADATA US, INC., and | San Francisco, California 94105 |
| TERADATA OPERATIONS, INC. | Telephone: (415) 268-7000 |
| | Facsimile: (415) 268-7522 |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| TERADATA US, INC., | Case No. 3:18-cv-03670-WHO (JCS) |
| Plaintiff, | **STIPULATION AND [PROPOSED] ORDER TO CERTIFY JUDGMENT UNDER FEDERAL RULE OF CIVIL PROCEDURE 54(b) AND TO STAY CASE PENDING APPEAL** |
| and | |
| TERADATA CORPORATION and TERADATA OPERATIONS, INC., | |
| Plaintiffs/Counterclaim-Defendants, | |
| v. | |
| SAP SE, | |
| Defendant/Counterclaim-Plaintiff, | |
| and | |
| SAP AMERICA, INC. and SAP LABS, LLC, | |
| Defendants. | |

<309>

Case 3:18-cv-03670-WHO    Document 608    Filed 11/22/21    Page 2 of 9

Plaintiffs/Counterclaim-Defendants Teradata Corporation and Teradata Operations, Inc. and Plaintiff Teradata US, Inc. (collectively, "Teradata") and Defendants/Counterclaim-Plaintiffs SAP SE and Defendants SAP America, Inc. and SAP Labs, LLC (collectively, "SAP") hereby jointly request and stipulate to the following: (1) entry of judgment under Federal Rule of Civil Procedure 54(b) on Teradata's technical trade secret claims and tying claims; and (2) stay of Teradata's business trade secret claims and SAP's patent counterclaims pending resolution of Teradata's appeal on the technical trade secret and tying claims.

When an action involves multiple claims, Rule 54(b) authorizes district courts to enter judgment on finally adjudicated claims when there is no just reason to delay appellate review of those claims. Those circumstances are present here. And a stay of Teradata's business trade secret claims and SAP's patent counterclaims pending resolution of Teradata's appeal of the Rule 54(b) judgment will avoid the need for two separate jury trials in this action if the court of appeals reverses the summary judgment decision, conserving judicial and party resources.

**I.    BACKGROUND**

Teradata sued SAP, asserting claims for trade secret misappropriation and violations of the Sherman and Clayton Acts, among others. Dkt. No. 67 at 28-36. SAP counterclaimed for alleged infringement of certain of its patents. Dkt. No. 104 at 34-64. After three years of litigation, including many interlocutory rulings by the Court, the following claims remained:

<u>Teradata's technical trade secret claims</u>: These claims center on SAP's alleged misappropriation of Teradata's technical trade secrets, which concern database features such as specific ways of selecting large volumes of data to solve problems arising in massively parallel processing ("MPP") databases. *See, e.g.*, Dkt. No. 259-3 at 79-86.

<u>Teradata's business trade secret claims</u>: These claims relate to SAP's alleged misappropriation of Teradata's business trade secrets, which concern Teradata's allegedly competitive information, pricing, and customer-specific information that several former Teradata employees allegedly provided to their SAP colleagues. Dkt. No. 464-14 at 10-13.

<u>Teradata's tying claim</u>: This claim concerns SAP's allegedly unlawful tie of its HANA database to its S/4HANA Enterprise Resource Planning application. *E.g.*, Dkt. No. 67 at 18-28,

STIPULATION AND [PROPOSED ORDER] TO CERTIFY JUDGMENT AND STAY    1
CASE NO. 3:18-CV-03670-WHO (JCS)

32-36.

SAP's patent infringement counterclaims:  These counterclaims allege that certain Teradata products, including Teradata Database, infringe U.S. Patent Nos. 9,626,421; 8,214,321; and 7,617,179, which generally relate to database technology.  Dkt. No. 123 at 33-34, 40, 54; Dkt. Nos. 124, 124-1, 124-3.

On November 8, 2021, this Court issued an order on the parties' summary judgment motions and motions to exclude expert testimony.  Dkt. No. 603.  Among other rulings, the Court granted SAP's motion for summary judgment on Teradata's technical trade secret claims and on Teradata's tying claim after excluding portions of Teradata's expert testimony.  The Court also granted Teradata's motion for summary judgment on one of SAP's counterclaims for patent infringement, holding the asserted claims of the '321 patent invalid.  *Id.* at 64.

As a result of that order, the claims remaining in this litigation are Teradata's business trade secret claims and SAP's other counterclaims for patent infringement.  Trial on those claims is scheduled to begin on January 31, 2022.  Dkt. No. 402 at 1.

## II.   ARGUMENT

### A.   This Court Should Enter Final Judgment Under Rule 54(b) On Teradata's Technical Trade Secret And Tying Claims

Rule 54(b) authorizes district courts to "direct entry of a final judgment as to one or more, but fewer than all, claims" if the court "determines that there is no just reason for delay." Fed. R. Civ. P. 54(b).  The rule "provide[s] a practical means of permitting an appeal to be taken from one or more final decisions on individual claims, in multiple claims actions, without waiting for final decisions to be rendered on all the claims in the case." *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 435 (1956).  The requirements of Rule 54(b) are met here.

*First*, this Court's grant of summary judgment on Teradata's technical trade secret and tying claims is an "ultimate disposition" of "individual claim[s]" in a multi-claim action. *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7 (1980).  There is "no question" that an order granting summary judgment on a claim is a "final" disposition of that claim under Rule 54(b). *Wood v. GCC Bend, LLC*, 422 F.3d 873, 879 (9th Cir. 2005).  And Teradata's tying and technical

trade secret claims are "individual claim[s]" that are "separate and distinct" from the remaining claims. *Ariz. State Carpenters Pension Tr. Fund v. Miller*, 938 F.2d 1038, 1040 (9th Cir. 1991). An "individual claim" is one that arises from a particular "set of facts giving rise to legal rights in the claimant," even if "some facts are common to" other, still-pending claims. *Pakootas v. Teck Cominco Metals, Ltd.*, 905 F.3d 565, 575 (9th Cir. 2018) (quotation marks omitted). While Teradata's technical and business trade secret claims both involve alleged trade secrets, they are based on distinct factual allegations. Teradata's technical trade secret claims arise from SAP's alleged misappropriation of Teradata's database features that SAP allegedly learned during the parties' Bridge Project. By contrast, the business trade secret claims are based on SAP's alleged use of Teradata's allegedly confidential competitive information allegedly obtained from former Teradata employees who took jobs at SAP.

*Second*, there are no "reasons to delay the appeal of" Teradata's technical trade secret and tying claims. *Curtiss-Wright*, 446 U.S. at 8. In making this determination, courts consider "judicial administrative interests" such as "whether the claims under review [a]re separable from the others remaining to be adjudicated and whether the nature of the claims already determined [is] such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals." *Id.* The ultimate inquiry is whether Rule 54(b) certification "will aid 'expeditious decision' of the case." *Texaco, Inc. v. Ponsoldt*, 939 F.2d 794, 797 (9th Cir. 1991) (quoting *Sheehan*, 812 F.2d at 468).

Those considerations favor an immediate appeal here. Teradata's technical trade secret and tying claims are separable from the business trade secret claims or patent counterclaims remaining to be tried. That trial would include issues such as whether Teradata's allegedly confidential competitive information and strategies are protected trade secrets, whether SAP misappropriated those alleged trade secrets, and whether Teradata's products infringe SAP's two remaining patents. For much the same reasons, immediate appeal of Teradata's technical trade secret and tying claims would not require the court of appeals to "decide the same issues more than once" even if there were subsequent appeals. *Curtiss-Wright*, 446 U.S. at 8. Courts have routinely granted Rule 54(b) certification in cases with far more overlap between the adjudicated

and unadjudicated claims.  *See, e.g.*, *Int'l Longshore & Warehouse Union v. ICTSI Ore., Inc.*, 863 F.3d 1178, 1186 (9th Cir. 2017) (affirming Rule 54(b) certification of antitrust counterclaim where counterclaim "involve[d] distinct points of law" from pending labor-law claims even though "the factual issues involved in [the antitrust] claim are closely tied to the factual issues in the labor-law claims").

Good reason exists to enter partial final judgment now.  An immediate appeal, along with a stay of the remaining claims, will "minimize[] the likelihood of multiple trials."  *Intel Corp. v. Tela Innovations, Inc.*, No. 3:18-CV-02848-WHO, 2021 WL 783560, at *10 (N.D. Cal. Mar. 1, 2021).  Further, if the court of appeals upholds this Court's summary judgment decision, "the parties will have certainty" on the claims and issues remaining in this proceeding.  *Id.*  And "[i]f that ruling is reversed, the case will be remanded and proceed to trial sooner than it would have if the appeal were delayed pending resolution of the other issues."  *Id.*  Certification under Rule 54(b) therefore would promote judicial economy and benefit both parties.

### B. This Court Should Stay Teradata's Business Trade Secret Claims And SAP's Patent Counterclaims Pending Resolution Of The Rule 54(b) Appeal

If this Court grants Rule 54(b) certification on Teradata's technical trade secret and tying claims, it should also stay Teradata's business trade secret claims and SAP's remaining patent counterclaims pending the outcome of that appeal.

A district court's "power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."  *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).  Courts regularly exercise this authority to stay proceedings on the remaining claims pending resolution of an appeal under Rule 54(b).  *See Doe v. Univ. of Cal.*, No. C-92-2284 SAW, 1993 WL 361540, at *2 (N.D. Cal. Sept. 2, 1993).  The Ninth Circuit has identified at least three factors relevant to whether a stay is warranted:  (1) "the possible damage which may result from the granting of a stay," (2) "the hardship or inequity which a party may suffer in being required to go forward," and (3) "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay."  *Lockyer v.*

*Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (quoting *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)).  This third factor involves consideration of whether a stay would promote "judicial economy."  *Fuller v. Amerigas Propane, Inc.*, No. 09-2616 TEH, 2009 WL 2390358, at *2 (N.D. Cal. Aug. 3, 2009).

All three factors weigh in favor of staying Teradata's business trade secret claims and SAP's patent counterclaims.  *First*, as this is a stipulation, neither party will suffer prejudice from a stay while Teradata's appeal is pending.

*Second*, both parties will be prejudiced if they must go forward with a trial on Teradata's business trade secret claims and SAP's patent counterclaims.  If those claims proceed to trial and Teradata prevails in whole or in part in its Rule 54(b) appeal, the parties will have to pursue a second jury trial on Teradata's technical trade secret and/or tying claims.  But if the Court stays the business trade secret claims and patent counterclaims pending Teradata's appeal, at most only a single jury trial will be required whatever the outcome of the appeal.  *See id.* at *11 (staying claim pending Rule 54(b) appeal to avoid possible need for second jury trial).

*Third*, and for similar reasons, considerations of judicial economy favor a stay of Teradata's business trade secret claims and SAP's patent counterclaims.  A stay would preserve judicial resources by avoiding a potential second trial if Teradata's appeal is successful.  *See id.* (noting that "[a] stay of all other claims pending appeal" under Rule 54(b) "minimizes the probable burden for the parties, counsel, and this court" and "ensures that issues are tried in the most efficient way").

### III. CONCLUSION

For these reasons, Teradata and SAP jointly request that the Court (1) enter final judgment under Rule 54(b) on Teradata's technical trade secret and tying claims; (2) stay Teradata's business trade secret claims and SAP's patent counterclaims pending Teradata's appeal; and (3) stay any filing of a bill of costs or motion for award of fees based on the Rule 54(b) final judgment pending Teradata's appeal and until a time set by the Court after conclusion of that appeal.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

| | | |
|---|---|---|
| Dated: November 19, 2021 | | MORRISON & FOERSTER LLP |
| | | */s/ Mark L. Whitaker* |
| | | Mark L. Whitaker |
| | | Attorneys for Plaintiffs and Counterclaim-Defendants TERADATA CORPORATION, TERADATA US, INC., and TERADATA OPERATIONS, INC. |
| Dated: November 19, 2021 | | JONES DAY |
| | | */s/ Tharan Gregory Lanier* |
| | | Tharan Gregory Lanier |
| | | Attorneys for Defendant/Counterclaim Plaintiff SAP SE and Defendants SAP AMERICA, INC. and SAP LABS, LLC |

## ECF ATTESTATION

I, Mark L. Whitaker, am the ECF User whose ID and password are being used to file this document. In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that concurrence in the filing of this document has been obtained from each of the other signatories.

Dated: November 19, 2021

MORRISON & FOERSTER LLP

 */s/   Mark L. Whitaker*
Mark L. Whitaker

Attorneys for Plaintiffs and Counterclaim-Defendants TERADATA CORPORATION, TERADATA US, INC., and TERADATA OPERATIONS, INC.

**[PROPOSED] ORDER**

Before the Court is the parties' Stipulation to Certify Judgment Under Federal Rule of Civil Procedure 54(b) and to Stay Case Pending Appeal. The Court finds that there is a final disposition on Teradata's technical trade secret and tying claims and that there is no just reason to delay entry of judgment, as doing so will benefit judicial administration. Final judgment under Federal Rule of Civil Procedure 54(b) is entered on Teradata's technical trade secret and tying claims. Teradata's business trade secret claims and SAP's patent counterclaims are stayed pending Teradata's appeal. Deadlines to file any bill of costs or motions for award of fees are also stayed pending Teradata's appeal. IT IS SO ORDERED.

Dated: November 22, 2021

_____
William H. Orrick
United States District Judge