Pages 1 - 10

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Before The Honorable Joseph C. Spero, Magistrate Judge

TERADATA CORPORATION, et al.,  )
                               )
          Plaintiffs,          )
                               )
  VS.                          )   **NO. C 18-03670-WHO**
                               )
SAP SE, et al.,                )
                               )
          Defendants.          )
_____)

                        San Francisco, California
                        Friday, December 18, 2020

          **TRANSCRIPT OF REMOTE VIDEOCONFERENCE PROCEEDINGS**

**APPEARANCES**: (Appearances via Zoom videoconference.)

For Plaintiffs:
                        MORRISON & FOERSTER LLP
                        2100 L Street NW - Suite 900
                        Washington, D.C. 20037
               BY:  **MARY PRENDERGAST, ATTORNEY AT LAW**
                    **MARK L. WHITAKER, ATTORNEY AT LAW**
                    **DAVID D. CROSS, ATTORNEY AT LAW**


For Defendants:
                        JONES DAY
                        Silicon Valley Office
                        1755 Embarcadero Road
                        Palo Alto, California 94303
               BY:  **THARAN GREGORY LANIER, ATTORNEY AT LAW**


          **(APPEARANCES CONTINUED ON FOLLOWING PAGE)**



Reported By:  Ruth Levine Ekhaus, RMR, RDR, FCRR
              Official Reporter, CSR No. 12219

1    **APPEARANCES**:   (CONTINUED)

2    For Defendants:

3                              JONES DAY
                              555 California Street - 26th Floor
                              San Francisco, California 94104
4                    BY:   **NATHANIEL P. GARRETT, ATTORNEY AT LAW**

5                              PAUL, WEISS, RIFKIND, WHARTON
                                &  GARRISON LLP
6                              2001 K Street, NW
                              Washington, D.C. 20006
7                    BY:   **KENNETH A. GALLO, ATTORNEY AT LAW**

8

     Also present:        Steve McMillan, Molly Treese, John Cowart,
9                          Christian Klein.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

| | |
|---|---|
| 1 | <u>**Friday - December 18, 2020**</u>                                    <u>**9:29 a.m.**</u> |
| 2 | <u>**P R O C E E D I N G S**</u> |
| 3 | ---o0o--- |
| 4 | **THE CLERK:**   The United States District Court for the |
| 5 | Northern District of California is now in session. |
| 6 | The Honorable Joseph C. Spero presiding. |
| 7 | Two housekeeping issues.  First, I would like to introduce |
| 8 | to you our court reporter.  Her name is Ruth Ekhaus, and so you |
| 9 | should identify yourself when you speak so she gets your name |
| 10 | accurately reflected on the transcript. |
| 11 | And the second has to do with recording of these |
| 12 | proceedings.  Please note that persons granted remote access to |
| 13 | court proceedings are reminded of the general prohibition |
| 14 | against photographing, recording, and rebroadcasting of court |
| 15 | proceedings, including those held by telephone or |
| 16 | videoconference.  See General Order 58 at paragraph 3. |
| 17 | Any recording of a court proceeding held by video or |
| 18 | teleconference, including screenshots or other visual copying |
| 19 | of a hearing, is absolutely prohibited.  Violation of these |
| 20 | prohibitions may result in sanctions, including removal of |
| 21 | court-issued media credentials, restricted entry to future |
| 22 | hearings, or any other sanctions deemed necessary by the Court. |
| 23 | The first matter that we are calling is 18-cv-3670, |
| 24 | Teradata Corporation versus SAP. |
| 25 | I see some hands raised. |

PROCEEDINGS

1                        (Pause in proceedings.)

2          **THE COURT:**  Yes, please raise your hand if you are

3  appearing on the Teradata versus SAP case.

4                        (Pause in proceedings.)

5          **THE CLERK:**  I still have a few more, Judge.

6          **THE COURT:**  Not a problem.

7                        (Pause in proceedings.)

8          **THE CLERK:**  Judge, I believe -- okay.

9      Is there anybody in the attendee panel that I missed who

10  should be promoted to panelist for the Teradata matter?

11          **MR. WHITAKER:**  No, it looks like everyone is here.

12          **THE CLERK:**  Okay.  Thank you, Mr. Whitaker.

13      Appearances, please, first starting with the plaintiff.

14          **MR. WHITAKER:**  Certainly.

15      Good morning, Your Honor.  This is Mark Whitaker with

16  Morrison & Foerster on behalf of Teradata.  And with me today

17  is Steve McMillan, the CEO of Teradata; Molly Treese, the vice

18  president and general counsel for Teradata; John D. Cowart,

19  vice president and chief IP counsel for Teradata; and two

20  colleagues, my partners David Cross and Mary Prendergast, also

21  of Morrison & Foerster.

22          **THE COURT:**  Thank you very much, and welcome.

23          **MR. WHITAKER:**  Thank you.

24          **MR. LANIER:**  Good morning, Your Honor.  This is Greg

25  Lanier of Jones Days for SAP.  I should be joined by my

1  partner, Nat Garrett; our co-counsel, Ken Gallo, of Paul Weiss.

2      Also on the phone or video should be Christian Klein.  He

3  is the CEO of SAP SE, which is the ultimate entity for all of

4  the SAP parties.  There are also members of SAP's legal team in

5  the gallery, but not promoted.

6      **THE COURT:**  Okay.  Welcome everyone.

7      I know this is an unusual order you received yesterday,

8  but these are unusual times.

9      I appreciate especially the representatives from the

10  parties -- Mr. McMillan, Mr. Klein, I appreciate your taking

11  the time from your busy schedules for this hearing, but there

12  is something I need to talk to you about.

13      You know, this is a very difficult time all over the

14  world, in the countries in which you are, in this country.  And

15  there are lots of very important things going on.  It makes it

16  all the more difficult to understand why lawyers and parties

17  waste each other's time and money -- not to mention the Court's

18  time -- on things that don't matter.  And so that's the problem

19  that we're having.

20      I've had many hearings in this case on discovery, and each

21  time with respect to I would say -- maybe one possible

22  exception -- the parties have brought before me, at humongous

23  expense, issues for me to resolve that, A, probably don't

24  matter much in the case, and, B, should be resolved easily

25  between the lawyers and the clients.

1      The most glaring example came yesterday, which is what

2  gave rise to this hearing.  And that is the parties cannot

3  agree, out of a total of 140 hours for depositions, whether or

4  not, you know, five or 15 additional of those hours would be

5  devoted to depositions of corporate representatives.

6      The idea that -- and I should back up a little.

7      I know lots of the lawyers in this case.  I have had them

8  in this case and on other cases.  They are all, to a person,

9  exceptional lawyers.  But sometimes we get caught up in our own

10  way of thinking about things, and it's particularly problematic

11  in patent-related cases.

12      But the idea that the parties can't work out that -- how

13  many hours for deposition, between five and 15 out of 140, it

14  just means there is something fundamentally wrong with how the

15  parties are approaching discovery in this case, which results

16  in an extra hundreds of thousands of dollars of cost to you,

17  wasted time for the Court.

18      And it's just intolerable that people can't step back and

19  have a little more perspective in a time when, you know, there

20  is a lack of foundation of things going on that demand our

21  attention and perspective.  So that's why I asked you here.

22      Now, sometimes my reaction to what we call overzealous

23  litigation like this is to punish people, fine them.  My

24  experience in large cases like this is that it is not only not

25  effective -- because who cares about a $10,000 fine or a $5,000

**PROCEEDINGS**

1  fine in, you know, a hundred-million-dollar or a billion-dollar

2  case?

3          But it's also often counterproductive because then they

4  just think:  Oh, this is an opportunity.  We can scar the other

5  side by bringing another sanctions motion.  So we bring another

6  sanction motion.

7          So it just leads to a parade of horribles that I'm trying

8  to avoid, which is wasting time on these matters.

9          So I have thought of a better idea.  The better idea is

10  this:  To bring this to your attention, as the individuals who

11  are in charge of these companies, so that you'll know what's

12  going on, number one.

13          And number two, to say, as I have advised the lawyers in

14  an order the first time I got this case, if this continues, I

15  will make the CEOs attend the meet-and-confer sessions with the

16  lawyers every time they occur.

17          And I understand that's a rather significant burden to

18  place on somebody -- some people who have as many

19  responsibilities as you do.  And I do it in the -- I say that

20  that is what I may do in the hope that you can impress upon

21  your counsel, or whoever is -- in-house is calling the shots

22  with respect do this, that we don't want you fighting over

23  trivia.

24          If you have to bring a question of law to the Court --

25  like we had a dispute the other day about whether or not a

**PROCEEDINGS**

 1   particular way of doing discovery would violate German law or

 2   Europe -- law of the European Union, that's a legitimate fight.

 3        Fights over whether to search this location or that

 4   location; fights about this search term or that search term;

 5   fights about how many hours; and similar fights -- and we have

 6   had many, many, many of them -- are not.  Okay?

 7        You know, if -- in the end, I will resolve whatever needs

 8   to be resolved, but I think it is my job to make sure that the

 9   parties comply with Rule 26 mandate, that they do their utmost

10   to resolve the disputes without the necessity of court

11   invention.  So that's why I'm doing this, and to advise you

12   that that is -- I'm not taking that step now, but that will be

13   the next step.

14        I have only had to do that a couple of times in my

15   21 years as a judge, and I certainly don't want to do it in

16   this case.  I would feel particularly bad having to do it in

17   this case because of my respect for the lawyers on both sides,

18   who I have had in many cases.  But it's getting out of hand,

19   and I'm just not going to do it.

20        The other alternative is to suggest that we have a special

21   master and make you pay for it.  That, to my mind, is the act

22   of a judge in desperation.  And so I'm -- I may get there, but

23   I'm not there yet, because it's -- I say it's desperation

24   because it means that you're throwing up your hands and there

25   is no way that you can get it under control.  And I'm not

**PROCEEDINGS**

 1  satisfied with -- just because of what I know of the lawyers in

 2  this, that we're at that point yet.

 3      I think you can get this under control.

 4      So that's all I wanted to say to you.  I'm happy to take

 5  any questions you may have and answer them to the best I can;

 6  but I wanted to make sure you understood where I'm coming from

 7  and where I might be going.

 8      So are there any questions that anyone would like to ask?

 9          **MR. WHITAKER:**  Your Honor, this is Mark Whitaker for

10  Teradata.

11      We don't have any questions.  Unless Mr. McMillan has a

12  question, counsel, does not have any questions.

13          **THE COURT:**  Thank you.

14          **MR. LANIER:**  Your Honor, this is Greg Lanier.

15      I'm sorry.  I didn't mean to apologize if someone from

16  Teradata was speaking.

17          **MR. KLEIN:**  No, Greg.

18      I just wanted to say, from our side, Your Honor, I fully

19  understand and respect your feedback and we will make sure that

20  we take this litigation very seriously, and take your feedback

21  too.

22          **THE COURT:**  Thank you, I appreciate your being here,

23  Mr. Klein.  I appreciate it, Mr. McMillan, Ms. Treese,

24  Mr. Cowart, Ms. Prendergast.  I appreciate you all being here,

25  and let's see if we can't get this thing under control.

PROCEEDINGS

1      Okay.   Thank you very much.   That will be the end of this

2  hearing.

3           MR. WHITAKER:   Thank you, Your Honor.

4        MR. LANIER:   Thank you, Your Honor.

5           (Proceedings adjourned at 9:42 a.m.)

6                        ---o0o---

7


8                  **CERTIFICATE OF REPORTER**

9        I certify that the foregoing is a correct transcript

10  from the record of proceedings in the above-entitled matter.

11


12  DATE:   Saturday, January 30, 2022

13


14


15


16

17  _____

          Ruth Levine Ekhaus, RMR, RDR, FCRR, CSR No. 12219
18            Official Reporter, U.S. District Court

19


20


21


22


23


24


25